**Ralph Dugan GOODEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41121.**

Court of Criminal Appeals of Texas.

March 13, 1968.

Sam R. Wilson, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Asst. Dist. Atty., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is Felony Theft; the punishment, ten (10) years confinement in the Texas Department of Corrections. The appellant waived trial by jury and entered his plea of guilty before the court. The evidence was stipulated in accordance with Article 1.15, Vernon's Ann.C.C.P.

On appeal appellant complains that the lack of an examining trial deprived him of the effective assistance of counsel and vitiates his conviction. This ground of error is raised for the first time in the appellate brief filed in the trial court. There is nothing in the record to indicate that

at any time appellant requested an examining trial and was denied the same.

 The return of an indictment terminates the right to an examining trial. Article 16.01, V.A.C.C.P. See Bryant v. State, Tex., 423 S.W.2d 320.

 Further, Trussell v. State, Tex., 414 S.W.2d 466; Ash v. State, Tex.Cr.App., 420 S.W.2d 703; Murphy v. State, Tex.Cr. App., 424 S.W.2d 231 (1968) are authority for the rule that the failure to grant an examining trial prior to the return of the indictment does not affect the validity of the indictment.

 Appellant's ground of error is overruled.

The judgment is affirmed.