**Ex parte John W. SLAUGHTER from a District Court.**

**Ex parte John Hall SLAUGHTER of Dallas County, Texas.**

**Nos. 05–82–01313–CR, 05–82–01314–CR.**

Court of Appeals of Texas, Dallas.

Feb. 24, 1983.

Rehearing Denied July 19, 1983.

Frank Hardin Jackson, Dallas, for appellant.

Henry Wade, District Atty., Tom Streeter, Asst. Dist. Atty., for appellee.

Before AKIN, WHITHAM and MALONEY, JJ.

MALONEY, Justice.

Each appellant appeals from a denial of his application for a writ of habeas corpus. Each appellant alleged in his application that he was illegally detained and that he was being held in lieu of an excessive bond: $500,000 for appellant John W. Slaughter; $250,000 for appellant John Hall Slaughter. Each appellant prayed that he be discharged from such confinement or allowed bail in a reasonable amount. At the conclusion of the hearing, the Court by written orders found that each appellant was legally held in custody. Bond for appellant John W. Slaughter was reduced to $350,000; bond for John Hall Slaughter was continued at $250,000. We reverse both orders on the ground that the State failed to prove probable cause to hold either petitioner.

Appellants contend that the State failed to show probable cause for their detention, and that the trial court abused its discretion in continuing their detention in lieu of excessive bonds. We agree. The State presented no evidence. The only evidence presented was the testimony of witnesses called by the defense. These witnesses testified as to the financial condition of John W. Slaughter and as to his character and reputation.

From the meager record before us, it is difficult to determine the reason for the appellants' detention. Other than a statement by the State's attorney during cross-examination of a defense witness that the appellant John W. Slaughter "is basically charged with receiving and concealing stolen property and charged with theft over $10,000," and "the younger Slaughter is charged with that . . .", there is no evidence of the nature of any crimes appellants are alleged to have committed; no evidence of any circumstances under which the alleged crimes were committed; and no evidence connecting appellants to their commission. With effort, it is gleaned from the record that the bonds set were pre-indictment and that, at the time of the habeas corpus hearing, the matters were pending before the Grand Jury. Thus, we assume that the appellants, at most, were charged by complaint with the offense of theft of property of over $10,000, a second degree felony under Tex.Penal Code Ann. § 31.03 (Vernon Supp.1982).

The rule is well established that, when one is held in custody under complaint and seeks release by habeas corpus, it is incumbent upon the State to introduce sufficient evidence against him to show probable cause for holding him in custody. *Ex parte Williams,* 587 S.W.2d 391 (Tex.Cr. App.1979). Nevertheless, the State maintains that, although it does not appear in the record, the trial court had before it the "Probable Cause Affidavit" upon which the warrants detaining the appellants were based, and that the judge "clearly con-

sidered the Probable Cause Affidavit as highly probative of the nature and circumstances of the offense, since *no other evidence was offered on this point, and rather high bonds were required.*" [Emphasis added.]

 We have examined the record and are unable to discover anything which indicates, expressly or by implication, that the trial judge considered any such instrument. Moreover the trial judge cannot determine probable cause by considering matters outside the record. However, even if the record did contain an "Affidavit of Probable Cause" upon which the warrants for the appellants' arrest were based, such an affidavit would not necessarily be sufficient to satisfy the State's burden to show probable cause. As the Court of Criminal Appeals stated in *Ex parte Garcia,* 547 S.W.2d 271, 274 (Tex.Cr.App.1977):

> It is well established that there are different standards for probable cause that vary according to the degree of infringement of personal liberty: less is required for a temporary detention for purposes of further investigation than is required for a full custodial arrest. Likewise, probable cause for issuance of a warrant to arrest does not necessarily satisfy the standard required for continued detention to answer the charge when such detention is challenged by habeas corpus.

Because the State introduced no evidence to support a finding of probable cause for the continued detention of the appellants, the orders denying the writs and remanding appellants to custody are reversed, and appellants are ordered released unless otherwise legally detained.

It is so ordered.