Calvin Earl **ARNOLD**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–83–00223–CR.

Court of Appeals of Texas, Dallas.

Sept. 25, 1984.

John A. Haring, Dallas, for appellant.

Henry Wade, Dist. Atty., Dallas, Tom Streeter, Asst. Dist. Atty., for appellee.

Before STEPHENS, WHITHAM and STEWART, JJ.

STEWART, Justice.

We grant the State's motion for rehearing and withdraw our former opinion. This is now our opinion.

Calvin Earl Arnold appeals his conviction of aggravated rape and his enhanced sentence of fifteen years. In four grounds of error, he contends that the trial court erred in limiting his right of cross-examination; in seating the jury when his counsel was absent; and in denying his motion to quash the indictment for lack of notice and for failure to allege an essential element of the offense charged. We overrule all grounds and affirm the conviction.

In his first ground of error, appellant maintains that the trial court denied him his constitutional right of confrontation under the sixth amendment of the United States Constitution and under article I, section 10 of the Texas Constitution because the trial court limited his cross-examination of Dr. Cunningham. On direct examination by the State, the doctor testified, using a report which he had prepared, that he had

examined the complainant after the alleged rape; that her face was bruised and swollen; that there was redness and some mucosal tears in the prostate portion of the vagina; and that these findings were consistent with penetration within the preceding twenty-four hour period. He added that his estimate that the tears had occurred within twenty-four hours was a "scientific guess" and that this type of injury heals within twenty-four to thirty-six hours.

Before the jury was selected, the trial court granted, without objection, the State's motion in limine concerning the victim's previous sexual conduct. TEX.PENAL CODE art. 21.13. At the close of the doctor's direct testimony, appellant requested and received a hearing outside the jury's presence. At that time, appellant first asked for and was provided the doctor's report for use in cross-examination. Appellant then requested that he be allowed to question the doctor about anything contained in the report, specifically about the complainant's statement to the doctor that she had engaged in sexual intercourse five or six days prior to the date of the offense. The trial court denied appellant's request in the following interchange:

> [Prosecutor]: Secondly, I think if we will proceed with the testimony with regards to linking up the physical damage done to the complainant and a possible link between that and any prior acts, I think we can clarify that, we'll go ahead with the hearing as to whether or not that was possible.
>
> [The Court]: He's still got a right to cross-examine him on it.
>
> [Defense Counsel]: I don't believe I'm restricted to what was brought up on direct.
>
> [The Court]: I don't think you are either.
>
> [Prosecutor]: All right. Well, are you saying he can cross-examine him before the jury or during this hearing?
>
> [The Court]: Before the jury.
>
> [Prosecutor]: On anything?

> [The Court]: No, not on anything. Upon what the doctor testified about.
>
> [Prosecutor]: Right. Okay, I have no—
>
> [The Court]: Cross-examine him as to whether it could be done four or five days ahead of time. If the tears, injuries she had could have been done.
>
> [Prosecutor]: That—okay, that I have no objection, to, anything along those lines. But what I would object to is any reference by defense counsel to anything noted in the report as to anything she told the doctor, that being prejudicial and irrelevant to the case at hand.
>
> If he wants to ask the doctor whether it's possible that those injuries could have been inflicted several days prior, I have no objection to that, but I do not want any reference back to the fact that she in fact indicated to the doctor any prior activities.
>
> That is clearly irrelevant.
>
> [The Court]: Be—if he indicates that it could have been done within that time frame, well, then—
>
> [Prosecutor]: Then at that point—
>
> [The Court]: —it could be then that he could do that.
>
> [Prosecutor]: Right. If the doctor indicates that it could have been done five or six days, then at that point I think it could be relevant.
>
> I would like to establish that now, outside the presence of the jury, before we go into it.
>
> [The Court]: You passed the witness. Whenever he turns him back to you, you can go into it. Now, are you ready to proceed?
>
> [Defense Counsel]: Yes. I'd like to have a ruling, Your Honor. I'm not sure—
>
> [The Court]: I gave you a ruling, I thought.
>
> [Defense Counsel]: —what your ruling is.
>
> [The Court]: I thought I gave you a ruling. What ruling do you want on it?
>
> [Defense Counsel]: Well, I want to be either sustained or overruled on my motion to get this report for purposes of cross-examination. And I want—I want,

on the basis of the fact that he has refreshed his memory and used this report before the jury, I want to be able to cross-examine him. I feel it's the defendant's right to cross-examine him on the entire report.

[The Court]: Overruled on that.

[Defense Counsel]: You're overruling.

[The Court]: You can—on anything that he testified to about that, you can cross-examine him, on anything he testified about.

[Defense Counsel]: All right. Note our exception, Your Honor.

[The Court]: Bring in the jury.

■ Appellant first claims that the "use before the jury" rule allows the defendant not only inspection of the document used by the State before the jury, but also gives the defendant the right to cross-examine the witness on the entire contents of the document without regard to the admissibility of the contents under applicable statutes and rules of evidence. We conclude that appellant miscontrues the rule. When the State tendered the doctor's report to appellant's counsel for inspection, the "use before the jury" rule was satisfied. *Hoffpauir v. State,* 596 S.W.2d 139, 141 (Tex. Crim.App.1980); *Mendoza v. State,* 552 S.W.2d 444, 448 (Tex.Crim.App.1977).

Appellant next contends that the trial court erred in limiting his cross-examination of the doctor to the doctor's direct testimony. Although the dissent maintains that, by the above ruling, the trial court limited cross-examination to "anything [Cunningham] testified about [on direct examination]," we conclude that, taken in context, the judge's remarks did not deny cross-examination of the doctor, but only denied cross-examination to elicit otherwise inadmissible evidence in the report.

In his brief, appellant argues that the trial court erred "in limiting his cross-examination of the doctor regarding complainant's statement in the doctor's report about prior sexual intercourse and other matters in the report." Appellant further maintains, regarding the State's motion in limine under TEX.PENAL CODE § 21.13, that "the State opened the door when it put the contents of Dr. Cunningham's report in issue by the doctor's use of that report before the jury, to the extent that the report discussed the complainant's recent sexual conduct," and cites as authority *Spain v. State,* 585 S.W.2d 705 (Tex.Crim. App.1979).

■ The entire thrust of appellant's argument is aimed at the trial court's refusal to allow cross-examination of a statement contained in the doctor's report regarding the victim's prior sexual conduct. *Spain,* upon which appellant relies, involved limiting the scope of cross-examination to the scope of direct examination. That case concerned the right of the accused to cross-examine a witness to establish his bias or motive in testifying. The record here does not reflect any limitation on appellant's right to cross-examine the doctor to show his bias or motive or to establish the limits of his knowledge of relevant facts or to test his credibility. *Spain,* 585 S.W.2d at 710. Appellant does not contend, nor does the record reflect, that the trial court limited the *scope* of appellant's cross-examination to the *scope* of the doctor's direct examination.[1]

■ The record reveals cross-examination of the doctor on other matters in the report. When appellant asked the doctor what amount of time was required for mucosal tears to heal, the doctor responded that he had never observed or heard of an injury of that type taking longer than thirty-six hours to heal. Thus, the information regarding sexual activity five to six days prior to the offense was not germane to the issue of consent or any other issue raised by the evidence. *Young v. State,* 547 S.W.2d 23, 25 (Tex.Crim.App.1977). The victim's statements about her prior sexual conduct described an external event which

---

1. We agree that the Texas criminal rule is the same as the Texas civil rule: cross-examination is not limited to the scope of direct. *Brumfield* *v. State,* 445 S.W.2d 732, 736 (Tex.Crim.App. 1969).

did not relate to her present injuries; therefore, the statements were inadmissible hearsay, *Hassell v. State*, 607 S.W.2d 529, 531 (Tex.Crim.App.1980), and appellant failed to qualify them under an exception to the hearsay rule. *Mendoza v. State*, 552 S.W.2d 444, 448 (Tex.Crim.App.1977). The trial court's denial of cross-examination about the victim's prior sexual conduct was correct.

■ The scope of cross-examination is within the control of the trial judge in the exercise of his sound discretion. *Toler v. State*, 546 S.W.2d 290, 295 (Tex.Crim.App. 1977). If appellant is complaining that his cross-examination of the doctor was limited concerning matters other than the victim's prior sexual conduct, he did not perfect a bill of exception or proffer of proof in accordance with TEX.CODE CRIM.PROC. ANN. art. 40.09 § 6(d)(1) (Vernon Supp. 1984) to show what the testimony would have been if he had been permitted to elicit such answers. *Id; Baldwin v. State*, 538 S.W.2d 109 (Tex.Crim.App.1976). Appellant has failed to show how he was harmed by the court's overruling his request. *Stein v. State*, 514 S.W.2d 927, 933 (Tex. Crim.App.1974).

In his second ground, appellant maintains that the trial court erred in seating the jury when his attorney was not present. After the State rested, appellant's attorney requested and was granted a twenty-minute recess. After twenty minutes elapsed, the trial court reconvened the proceedings and seated the jury in the box while the judge, the two prosecutors, and appellant were at their places in the courtroom but appellant's counsel was absent. Appellant's attorney was outside the courtroom door looking for a witness. The judge did not warn defense counsel or have him come back to the courtroom before seating the jury although the judge saw him walk up and look through the glass partition of the courtroom door a time or two.

■ Appellant contends that the trial judge's action in seating the jury in his counsel's absence, thus attributing a delay in the trial directly to appellant's attorney, was so prejudicial that appellant was denied his constitutional right to a fair trial by an impartial jury. This ground is without merit. Any prejudice to appellant was because of his own attorney's tardiness. *Brooks v. State*, 642 S.W.2d 791, 797 (Tex. Crim.App.1982).

■ In grounds of error three and four, appellant asserts that, because the indictment does not allege which of the seven circumstances listed in TEX.PENAL CODE ANN. § 21.02(b) (Vernon 1974) (Repealed by Acts 1983, 68th Leg., p. 5321, ch. 977, § 12, effective September 1, 1983) applies to the facts of this case to establish lack of consent, the indictment is insufficient to give him notice and it fails to allege an essential element of the offense charged.

The indictment alleged that appellant:

did then and there unlawfully and intentionally and knowingly have sexual intercourse with [the] Complainant, a female not his wife, without the consent of the Complainant, and the defendant did intentionally and knowingly compel the Complainant to submit to the said act of sexual intercourse by threatening serious bodily injury to be imminently inflicted on the Complainant ....

Appellant relies on *Gorman v. State*, 634 S.W.2d 681 (Tex.Crim.App.1982), but that case deals with an indictment for theft. The court there held that an indictment which failed to allege how defendant appropriated property was insufficient to give adequate and fair notice. The indictment in this case sufficiently alleges aggravated rape under TEX. PENAL CODE ANN. § 21.03(a)(2) (Vernon 1974) (Repealed by Acts 1983, 68th Leg., p. 5321, ch. 97, § 12, effective September 1, 1983), and gives appellant adequate notice of the offense charged. *Johnson v. State*, 623 S.W.2d 654, 655 (Tex.Crim.App.1981). Appellant's contention that the indictment failed to allege an essential element of the offenses is also without merit. The allegation that appellant compelled submission "by threatening serious bodily injury to be imminent-

ly inflicted" was sufficient to allege how the intercourse was without the consent of the victim. *Brem v. State,* 571 S.W.2d 314, 317 (Tex.Crim.App.1978). The last two grounds of error are overruled.

Affirmed.

WHITHAM, Justice, dissenting.

I respectfully dissent. I would hold that the trial court denied appellant his constitutional right of confrontation under the sixth amendment of the Constitution of the United States and under article I, § 10, of the Constitution of the State of Texas. I reach this conclusion because the trial court denied appellant effective cross-examination by limiting cross-examination to those matters brought up during the direct examination of the witness. Accordingly, I would sustain appellant's first ground of error and reverse and remand.

The majority quotes at length from an "interchange" to determine the trial court's ruling on a defense motion and concludes "that, taken in context, the judge's remarks did not deny cross-examination of the doctor, but only denied cross-examination to elicit otherwise inadmissible evidence in the report." It will be noted, however, that the "interchange" upon which the majority relies for its conclusion is a colloquy between the court and the *prosecutor.* Thus, the majority finds a trial court ruling in a colloquy between court and prosecutor.

Although the majority finds the trial court's ruling in the colloquy between court and prosecutor, the defense counsel heard no ruling from the trial court during the colloquy between court and prosecutor. Rather, defense counsel was forced to press for a ruling following the colloquy between court and prosecutor—"I want to be either sustained or overruled." Only then did the trial court make a ruling on the motion. In my view, the "exchange" between court and prosecutor in the present case cannot constitute a ruling on the motion. Therefore, defense counsel properly insisted upon a ruling from the trial court. An appellant must obtain a

ruling to preserve error. In the absence of an adverse ruling, nothing is presented for review. *Evans v. State,* 622 S.W.2d 866, 871 (Tex.Crim.App.1981); *Dunavin v. State,* 611 S.W.2d 91, 97 (Tex.Crim.App. 1981). In the latter case, the court declined to find a ruling sought by defense counsel in a colloquy between the court and defense counsel. 611 S.W.2d at 94, 97.

In my view, the trial court's ruling is found in the record as follows:

[DEFENSE COUNSEL]: Well, I want to be either sustained or overruled on my motion to get this report for purposes of cross-examination. And I want—I want, on the basis of the fact that he has refreshed his memory and used this report before the jury, I want to be able to cross-examine him, I feel it's the defendant's right to cross-examine him on the entire report.

THE COURT: Overruled on that.

[DEFENSE COUNSEL]: You're overruling—

THE COURT: You can—on anything that he testified to about that, you can cross-examine him, on anything he testified about.

Those last words spoken by the trial court constituted the trial court's ruling and denied appellant effective cross-examination by limiting cross-examination to those matters brought up during the direct examination of the witness.

In my view, trial counsel are entitled to specific, definite and understandable rulings from a trial court and rulings meeting those requirements cannot be found in colloquys between one's opponent and the court. Presumably, the majority wishes the trial court had not limited cross-examination to "anything [Cunningham] testified about." Hence, the necessity to find a different ruling in a colloquy between court and prosecutor. I take the trial court's ruling to be just as stated when a ruling was properly insisted upon. The words used by the trial court are definite, understandable, and the result inescapable— "You can cross-examine him, on anything he testified about." Therefore, I cannot

agree with the majority's search for the trial court's ruling in a colloquy between court and prosecutor. To my mind, defense counsel properly insisted upon a ruling and the ruling is made plain enough in the above quotation from the record. Perhaps in making its ruling the trial court misstated its ruling. Nevertheless, the stated ruling by the trial court denied appellant effective cross-examination by limiting cross-examination to those matters brought up during the direct examination of the witness. Needless to say, defense counsel was required to defer to the trial court's ruling *as stated.*

The trial court's ruling limiting cross-examination to the bounds of the direct testimony lacks support in Texas law. This state has long followed the so-called English rule which permits the cross-examination of a witness to extend to every issue in the case regardless of the scope of the direct examination. *Continental Casualty Co. v. Thomas,* 463 S.W.2d 501, 506–07 (Tex.Civ.App.—Beaumont 1971, no writ). Citing *Brumfield v. State,* 445 S.W.2d 732, 736 (Tex.Crim.App.1969), the majority correctly recognizes that the Texas criminal rule is the same as the Texas civil rule. Thus, in my view, failure to follow the English rule in the courts of the State of Texas results in denial of effective cross-examination.

In *Pointer v. State of Texas,* 380 U.S. 400, 404–05, 85 S.Ct. 1065, 1068, 13 L.Ed.2d 923 (1965), the United States Supreme Court explained the place of cross-examination under our constitutional system:

> It cannot seriously be doubted at this late date that the right of cross-examination is included in the right of an accused in a criminal case to confront the witnesses against him. And probably no one, certainly no one experienced in the trial of lawsuits, would deny the value of cross-examination in exposing falsehood and bringing out the truth in the trial of a criminal case. See, e.g., 5 Wigmore, Evidence § 1367 (3d ed. 1940). The fact that this right appears in the Sixth Amendment of our Bill of Rights reflects

the belief of the Framers of those liberties and safeguards that confrontation was a fundamental right essential to a fair trial in a criminal prosecution. Moreover, the decisions of this Court and other courts throughout the years have constantly emphasized the necessity for cross-examination as a protection for defendants in criminal cases. This Court in *Kirby v. United States,* 174 U.S. 47, 55, 56, 19 S.Ct. 574, 577, 43 L.Ed. 890, referred to the right of confrontation as "[o]ne of the fundamental guaranties of life and liberty," and "a right long deemed so essential for the due protection of life and liberty that it is guarded against legislative and judicial action by provisions in constitution of the United States and in the constitutions of most, if not of all, the states composing the Union." Mr. Justice Stone, writing for the Court in *Alford v. United States,* 282 U.S. 687, 692, 51 S.Ct. 218, 219, 75 L.Ed. 624, declared that the right of cross-examination is "one of the safeguards essential to a fair trial." And in speaking of confrontation and cross-examination this Court said in *Greene v. McElroy,* 360 U.S. 474, 79 S.Ct. 1400, 3 L.Ed.2d 1377:

> They have ancient roots. They find expression in the Sixth Amendment which provides that in all criminal cases the accused shall enjoy the right 'to be confronted with the witnesses against him.' This Court has been zealous to protect these rights from erosion. 360 U.S., at 496–497, 79 S.Ct., at 1413 (footnote omitted).

Therefore, the right to cross-examine a witness is implicit within the right to confrontation provided by the sixth amendment to the Constitution of the United States. *Chambers v. Mississippi,* 410 U.S. 284, 295, 93 S.Ct. 1038, 1045, 35 L.Ed.2d 297 (1973). This right to confront and cross-examine witnesses is essential to due process and a fair trial within the provisions of the fourteenth amendment. *In re Oliver,* 333 U.S. 257, 273, 68 S.Ct. 499, 507, 92 L.Ed. 682 (1948).

To my mind, the trial court's ruling was an improper prior restraint on cross-examination. The majority appears to condone the trial court's limitations on cross-examination on the grounds that appellant might "elicit otherwise inadmissible evidence." To my mind, the solution is for the trial court to sustain a proper objection to the introduction of impermissible testimony should the occasion arise. Anticipation of inadmissible evidence should not prohibit full cross-examination which might bring forth admissible evidence. Therefore, I cannot agree that the majority's concern justified prior restraint of cross-examination. Thus, we shall never know what evidence appellant might have developed but for defense counsel's proper deference to the trial court's ruling. The examiner need not indicate the purpose of his inquiry nor state to the court what facts a reasonable cross-examination might develop. *Alford v. United States*, 282 U.S. 687, 692, 51 S.Ct. 218, 219, 75 L.Ed. 624 (1931). *Spain v. State*, 585 S.W.2d 705, 710 (Tex.Crim. App.1979) points out that a defendant is not required to show that his cross-examination would have affirmatively established the facts sought.

Moreover, *Spain* notes that "an effective cross-examination encompasses more than just the opportunity to elicit testimony to establish the existence of certain facts. The cross-examiner should be allowed to expose the limits of the witness' knowledge of relevant facts, place the witness in his proper setting, and test the credibility of the witness." 585 S.W.2d at 710. I cannot agree that appellant had full opportunity to show the witness' bias or motive, establish the limits of the witness' knowledge of relevant facts or test the witness' credibility when limited to matters brought up during cross-examination.

Regrettably, the majority disregards the place of cross-examination under both state and federal constitutions. Accordingly, I would hold that the trial court deprived appellant of rights afforded him by both the state and federal constitutions. That deprivation requires reversal and remand in the present case.