Gilbert Lee MANNING, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–84–386–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 11, 1984.

Frank Rush, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

## OPINION

CANNON, Justice.

This is an appeal from the denial of Relator's Writ of Habeas Corpus filed prior to the disposition of the criminal case upon which he was originally arrested. The Relief requested is denied.

A felony complaint was filed against appellant on Dec. 11, 1983. At the preliminary hearing before Judge Guarino, Dec. 13, 1983, bail was increased to $50,000 and he was given certain warnings. Among the warnings given to him was his right to an examining trial. After being read these warnings he signed the warning sheet. Also, he claimed he was indigent and counsel was appointed. On February 9, 1984, the grand jury returned a true bill against the appellant for aggravated assault.

Appellant now claims that his right to an examining trial was violated by Judge Guarino. More specifically, that under Judge Bue's order there must exist an affirmative waiver of the right to an examining trial. Judge Bue held, "The magis-

trate shall schedule an examining trial to be held within 10 days after the preliminary hearing unless such a right is specifically and knowingly waived by an accused and his attorney." *Alberti v. Sheriff of Harris County, Texas,* 406 F.Supp. 649, 676 (S.D.Tex.1975). We disagree.

At the preliminary hearing, while represented by counsel, appellant signed a warning sheet containing the right to an examining trial. He now claims he requested, through his appointed counsel, an examining trial. We find insufficient evidence in the record to support this contention.

He further argues that under Judge Bue's order he must specifically and knowingly give up his right to an examining trial and that failure to request one does not waive this right. We decline to follow this view.

It is clear that under Texas law the right to an examining trial terminates upon the return of an indictment. *Gooden v. State,* 425 S.W.2d 645, 646 (Tex.Crim. App.1968); *Romo v. State,* 641 S.W.2d 390, 392 (Tex.App.—Tyler 1982, no pet.). The return of a true bill by the grand jury satisfies the principal purpose and justification for such a hearing; that there is probable cause to believe the accused committed the crime charged. *Tarpley v. Estelle,* 703 F.2d 157 (5th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 508, 78 L.Ed.2d 697 (1983).

Also, we find that it is incumbent upon the accused or his attorney to request an examining trial before return of the indictment or it is waived. Failure to grant an examining trial prior to the return of the indictment does not affect the validity of the indictment or conviction. *Eubanks v. State,* 635 S.W.2d 568, 572 (Tex.App.— Houston [1st Dist.] 1982, no pet.); *Gooden v. State,* 425 S.W.2d at 646.

Accordingly, this court chooses to follow Texas case law and finds the appellant did not properly request an examining trial and because an indictment has been returned against appellant, he no longer has this right. Furthermore, any relief

sought by appellant does not rest with this court but rather with the federal courts.

Relief prayed for denied.