OPINION
JACK SMITH, Justice.
The appellant seeks review of an order of the trial court denying his petition for ha-beas corpus relief.
The appellant’s sole contention is that the charges against him, i.e., eight counts of aggravated robbery, should be dismissed because he was not afforded a probable cause hearing within 24 hours after his arrest. He bases this argument upon Sanders v. City of Houston, 548 F.Supp. 694 (S.D.Tex.1982), aff'd, 741 F.2d 1379 (5th Cir.1984), in which the City of Houston, its agents and employees, were enjoined from detaining persons, who had been arrested without a warrant, for longer than 24 hours without bringing such persons before a judicial officer for a neutral determination of probable cause. Id. at 705.
The record reflects that the appellant was arrested at approximately 11:30 p.m. on Saturday, February 9, 1985. On February 10, 1985, a felony complaint charging eight counts of aggravated robbery was filed against appellant, and a probable cause hearing was set for February 11, 1985. That hearing was carried over until February 12, 1985, when the court conducted a hearing and determined that probable cause existed for appellant’s continued detention. On July 24, 1985, the appellant filed an application for writ of habeas corpus, which the trial court heard on August 2, 1985. At the conclusion of the hearing, the trial court denied the appellant’s request for relief. Appellant now faces charges under four separate indictments, one of which contains five counts, each count alleging that appellant committed the *126 offense of aggravated robbery on or about February 9, 1985.
Even if appellant is correct in arguing that his constitutional right to a timely judicial determination of probable cause was violated, his remedy is not a dismissal of the aggravated robbery charges pending against him. See, e.g., Baker v. McCollan, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). An illegal detention does not, in itself, void a subsequent conviction. See Gerstein v. Pugh, 420 U.S. 103, 119, 95 S.Ct. 854, 865, 43 L.Ed.2d 54 (1975).
The two cases relied upon by the appellant are distinguishable. In Ex parte Slaughter, 654 S.W.2d 17 (Tex.App.—Dallas 1983, pet. ref'd), a habeas corpus proceeding, the State presented no evidence to support a finding of probable cause. In Ex parte Garcia, 547 S.W.2d 271 (Tex.Crim.App.1977), the State incorrectly relied upon the complaint and information to establish probable cause to detain the defendant.
At the hearing held on February 12, 1985, the trial court found probable cause for the appellant’s continued detention, and the record supports that finding. The appellant is not entitled to the relief sought in this proceeding. Cf. Manning v. State, 681 S.W.2d 792 (Tex.App.-Houston [14th Dist.] 1984, no pet.).
The trial court’s order denying habeas corpus relief is affirmed..