Donald Gene **MARKLE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 6–85–087–CR.

Court of Appeals of Texas,
Texarkana.

July 8, 1986.

Jimmy White, Mt. Pleasant, for appellant.

Charles M. Cobb, Dist. Atty., Mount Pleasant, for appellee.

CORNELIUS, Chief Justice.

Donald Gene Markle was convicted of murder and assessed punishment of twenty-five years confinement. On appeal he contends the court should have suppressed his written confession as it was obtained in violation of his fourth amendment rights, and that the court erred in not allowing him to impeach his own witness.

On October 1, 1982, Jeff and Debbie Gooding, their three week old son Johnny, and Donald Markle were camped at a KOA Campground. They had come to Texas from Tennessee seeking jobs. The adults had been drinking throughout the day. In the late evening, the Goodings went to a store to purchase some gasoline, leaving Donald Markle to care for their baby. The infant was in good health at the time the Goodings left. Upon returning a short time later, the Goodings noticed Markle asleep on a mattress with the child lying beside him. When Mrs. Gooding went to check on the baby she noticed there was something wrong with him. At that point the Goodings awakened Markle, and the three of them took the child to the Titus County Memorial Hospital emergency room. Efforts to revive the child were unsuccessful, and it was later concluded that he had died ten minutes before he arrived at the hospital. The infant had numerous bruises and fractures throughout his body, and the official cause of death was stated to be severe blunt trauma to the head, trunk and limbs. At the hospital, the Goodings and Markle were given their *Miranda*[1] rights, questioned, and then arrested. The charges against the Goodings were later dropped, and they were released. On October 2, 1985, Markle was brought before a justice of the peace and informed he had been charged with injury to a child. He was given his *Miranda* warnings, advised of his right to an examining trial, and informed that bail was set at $50,000.00. He was again brought before the justice of the peace on October 7, when he was informed that he had been charged with homicide. He was again given his *Miranda* warnings, and was informed that he had a right to an examining trial and that his bail was set at $100,000.00. On October 8, 1985, Markle made a written statement admitting the crime.

Markle claims that his written statement should have been suppressed because an examining trial was not conducted.

The right to an examining trial is waived unless the accused or his attorney requests one before the return of an indictment. *Gaither v. State*, 479 S.W.2d 50 (Tex.Crim.App.1972); *Klechka v. State*, 429 S.W.2d 900 (Tex.Crim.App.1968, *cert. denied*, 393 U.S. 1044, 89 S.Ct. 672, 21 L.Ed.2d 592 (1969); *Manning v. State*, 681 S.W.2d 792 (Tex.App.-Houston [14th Dist.] 1984, no pet.). The mere fact that an examining trial was not conducted does not invalidate the conviction. *Gaither v. State*, supra; *Klechka v. State*, supra; *Gooden v. State*, 425 S.W.2d 645 (Tex.Crim.App.1968); *Manning v. State*, supra.

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Although Markle was informed of his right to an examining trial and acknowledged that he understood he had such a right, he never requested one, and thus waived that right.

Markle argues that *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), requires that a *judicial determination* of probable cause be made either before or promptly after arrest. *Gerstein* involved Florida law which allowed all non-capital crimes to be charged by information without a preliminary hearing and without obtaining leave of the court. In that situation a person arrested without a warrant and charged by information[2] could be jailed pending trial *without any opportunity* for a probable cause determination by a judicial officer. It was this procedure that the Supreme Court held unconstitutional. Texas law provides an opportunity for judicial determination of probable cause in Tex.Code Crim.Proc.Ann. art. 16.01 (Vernon 1977). Markle simply failed to avail himself of that opportunity.

Markle's counsel requested the trial judge to allow him to call Jeff Gooding as a witness and reserve the right to impeach him, because he believed Gooding would testify adversely to Markle's position. Because defense counsel admittedly knew what Gooding would say, the court refused to rule that he could impeach him.

 Foreknowledge of a witness's testimony precludes impeachment even though his testimony is decidedly adverse on a vital issue. *Goodman v. State*, supra; *Paez v. State*, 693 S.W.2d 761 (Tex.App.-Fort Worth 1985, no pet.). Moreover, as Markle did not make a bill of exceptions or produce the proffered testimony pursuant to Tex.Code Crim.Proc.Ann. art. 40.09, § 6(d)(1) (Vernon Supp.1986), he failed to properly preserve any claim of error. *Arnold v. State*, 679 S.W.2d 156 (Tex.App.-Dallas 1984, pet. ref'd).

The judgment is affirmed.

2. The court noted in a footnote that no judicial determination of probable cause is necessary when the party is charged by indictment.