Affirmed and Memorandum Opinion filed September 23, 2004









Affirmed and Memorandum Opinion filed September 23,
2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00725-CR

____________

 

HERBERT WILLARD MOORE,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 263rd District
Court

Harris County, Texas

Trial Court Cause No.
925,515

 



 

M E M O R A N D U M   O P I N I O N

Appellant entered a plea of guilty to the offense of
murder.  On June 2, 2003, the trial court
sentenced appellant to confinement for 45 years in the Institutional Division
of the Texas Department of Criminal Justice. 
Appellant filed a pro se notice of appeal.  








Appellant=s appointed counsel filed a brief in which he concludes the
appeal is wholly frivolous and without merit. 
The brief meets the requirements of Anders v. California, 386
U.S. 738, 87 S.Ct. 1396 (1967), presenting a professional evaluation of the
record demonstrating why there are no arguable grounds to be advanced.  See High v. State, 573 S.W.2d 807
(Tex. Crim. App. 1978).

A copy of counsel=s brief was delivered to
appellant.  Appellant was advised of the
right to examine the appellate record and file a pro se response.  See Stafford v. State, 813 S.W.2d 503,
510 (Tex. Crim. App. 1991).  Appellant
filed a pro se response, raising 21 issues.

Probable Cause

In his first issue, appellant alleges a lack of probable
cause determination.  Texas law holds
that the right to an examining trial, or probable cause hearing, terminates
upon the return of an indictment from the grand jury.  Gooden v. State, 425 S.W.2d 645, 646 (Tex. Crim. App.
1968);  State ex rel. Holmes v.
Salinas, 784 S.W.2d 421, 427 (Tex. Crim. App. 1990);  Manning v. State, 681 S.W.2d 792, 793
(Tex. App.CHouston
[14th Dist.] 1984, no pet.).  The responsibility lies with the
accused or his attorney to request an examining trial prior to the return of an
indictment from the grand jury, or the right to a probable cause hearing is
waived.  Manning, 681 S.W.2d at
793.  There is no indication in the
record that appellant or his attorney filed a motion requesting a probable
cause hearing prior to the return of the indictment from the Harris County
Grand Jury.  As a result, appellant
waived his right to a probable cause hearing. 


Ineffective Assistance of Counsel Issues








The majority of appellant=s issues allege ineffective
assistance of trial counsel.  An
ineffective-assistance-of-counsel claim is analyzed under the two-prong test
enumerated in Strickland v. Washington and adopted by the Texas Court of
Criminal Appeals.  Murphy v. State,
112 S.W.3d 592 (Tex. Crim. App. 2003);  Strickland v.
Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed. 674
(1984).  First, the appellant must show
that counsel=s performance was deficient, and second,
the appellant must show that the deficient performance prejudiced the
defense.  Murphy, 112 S.W.3d at
601; Strickland, 466 U.S. at 687. 
To satisfy the first prong the appellant must: (1) rebut the presumption
that counsel is competent by identifying the acts and/or omissions of counsel
that are alleged as ineffective assistance; and (2) affirmatively prove that
such acts and/or omissions fell below the professional norm of
reasonableness.  Stults v. State,
23 S.W.3d 198, 208 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d). 
In any ineffective assistance of counsel claim there is a strong
presumption that counsel was competent and that his actions and decisions were
reasonably professional and motivated by sound trial strategy.  Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App.
2000);  Stults, 23
S.W.3d at 208.  

To rebut this presumption the appellant must present evidence
indicating why counsel performed the way he did.  Stults, 23 S.W.3d at 208.  The appellant will be unable to meet this
burden if the record does not specifically focus on the reasons for the conduct
of his trial counsel.  Stults, 23
S.W.3d at 208.  When the record is silent
as to counsel=s reasons for his conduct, finding
counsel ineffective would call for speculation by the appellate court and
appellate courts do not speculate about the reasons underlying defense counsel=s decisions.  See Murphy, 112 S.W.3d at 601;  Stults, 23 S.W.3d at 208.  To satisfy the second prong and establish
prejudice, the appellant must prove there is a reasonable probability that, but
for counsel=s deficient performance, the result
of the proceeding would have been different. 
Tong, 25 S.W.3d at 712;  Stults,
23 S.W.3d at 208.  A reasonable
probability has been defined as a probability sufficient to undermine
confidence in the outcome of the proceedings. Tong, 25 S.W.3d at
712;  Jackson v. State, 973 S.W.2d
954, 956 (Tex. Crim. App. 1998).  

Appellant=s claims are ineffectiveness are grouped and discussed below.

1.  Alleged
Failure to Discuss Agreed Settings and Assist with Bond 








Appellant complains that counsel did not discuss with him the
AAgreed Settings@ form used to reset the trial of the
case and did not assist with bond.  The AAgreed Settings@ forms were signed by defense
counsel.  Even if counsel did not discuss
these with appellant, appellant does not show how this failure was
harmful.  Additionally, appellant
presents no record support for his allegation that counsel failed to assist
with bond.  Accordingly, we overrule
these issues.

2.  Alleged
Failure to Advise and Discuss Evidence

Appellant presents numerous complaints about counsel=s alleged failures to communicate
with appellant, including the following: (1) failure to advise appellant of the
basis for probable cause and to discuss the evidence, including the offense
report, autopsy report, or coroner=s report with appellant; (2)
requesting a competency exam without appellant=s approval and failure to discuss the
results with him; (3) failure to visit appellant until eight and a half months
after the arrest and failure to conduct a client interview; (4) failure to
respond to appellant=s telephone calls; (5) refusal to discuss a defense with
appellant; (6) failure to advise appellant he was eligible for community
service; (7) refusal to respond to appellant=s questions about the law; and (8)
failure to discuss with appellant the notice of intent to destroy
evidence.  

Nothing in the record supports these allegations.  Because appellant pled guilty, he cannot
claim any alleged actions or inactions by counsel affected the conviction.  Furthermore, appellant does not establish how
these alleged actions or inactions affected his punishment.  Finally, appellant was not eligible for
community supervision after pleading guilty to the offense of murder.  See Tex.
Code Crim. Proc. Ann. Art. 42.12, ' 3g(a)(1) (Vernon Supp. Pamph.
2004-05).  We overrule these issues.

3.  Alleged
Coercion to Plead Guilty








Appellant complains that counsel=s failure to locate witnesses and
other actions forced appellant to plead guilty. 
These complaints are not supported by the record.  The written admonishments in the record indicate
that appellant understood the consequences of his plea, that he freely, knowingly,
and voluntarily entered the plea, that he committed the crime alleged in the
indictment, and that he understood the court could assess punishment within the
full range of punishment for the offense of murder.  If the record indicates that the appellant
was properly admonished after pleading guilty, it is sufficient evidence to
establish a prima facie case that the plea was both knowing and voluntary.  See Mallett v. State, 65 S.W.3d 59, 64
(Tex.
Crim. App. 2001).  Appellant=s initials on each of the
admonishments and his signature are sufficient to rebut his claims of lack of
understanding of the punishment available and any coercion by counsel.  

To show the plea was involuntary based on his attorney=s advice, an appellant must show (1)
counsel=s advice was outside the range of
competence required by attorneys in criminal cases, and (2) a reasonable
probability exists that, but for the erroneous advice, appellant would not have
pled guilty.  Ex parte Morrow, 952
S.W.2d 530, 536 (Tex. Crim. App. 1997). 
Appellant fails to make this showing. 
Nothing in the record establishes what advice counsel gave him and
appellant signed the admonishment stating that he was satisfied with counsel=s representation.  Accordingly, we overrule these issues. 

4.  Failure to
Object, Alleged Failure to Investigate and Present Mitigating Evidence, and
Failure to Request Appointment of Experts 

 

During the punishment hearing, the State presented two
witnesses who testified that the victim knew appellant and that when appellant
was unable to obtain employment, the victim allowed appellant to move into the
victim=s garage on the conditions that
appellant perform occasional work for the victim and that he attend family
Bible study.  There was testimony that
appellant had occasional disputes with the victim regarding payment for work
performed.  One witness testified that
she was on the telephone with the victim when the shooting occurred and that
the victim stated appellant had just shot her. 
Another witness, an inmate with appellant in the Harris County Jail,
testified that appellant stated he had shot the victim and that he would do it
again.  








Appellant complains that his counsel failed to object to
these witnesses, failed to suppress this evidence, and failed to preserve
favorable evidence and to obtain witnesses to rebut the State=s evidence.  After a careful review of the record, it is
clear that the record is silent as to counsel=s reasons for his actions.  As such, this court will not speculate as to
the reasons underlying defense counsel=s decisions, but will assume his
actions and decisions were reasonably professional and motivated by sound trial
strategy.  Appellant=s sentence could have been
imprisonment for 99 years.  Appellant was
sentenced to less than half the maximum sentence for murder.  Even if appellant=s appointed trial counsel=s actions did fall below a reasonably
professional standard, appellant fails to prove that the outcome of the
proceeding would have been different.  

No error is shown in the failure to present witnesses or
evidence unless appellant establishes what the proposed evidence or witness
testimony would reveal and how the outcome of the trial would have been
different.  Cardenas v. State, 30
S.W.3d 384, 392 (Tex. Crim. App. 2000).  Appellant has failed to establish the subject matter of the testimony of
these proposed witnesses or how their testimony would have affected the outcome
of the trial, given the state=s evidence against him. 
As to documentary or video evidence, appellant has not established that
this testimony would have resulted in a different sentence.  Even if it were error for his court appointed
attorney not to call the proposed witnesses or present the proposed evidence,
appellant fails to satisfy the second prong of Strickland and prove
prejudice.  See Strickland, 466
U.S. at 687.  

Furthermore, mere allegations that counsel failed to
investigate or discuss the case with appellant are insufficient to raise an
ineffectiveness claim.  Appellant must
show what the investigation would have revealed.  See Jordan v. State, 883 S.W.2d 664,
665 (Tex. Crim. App. 1994).  Finally,
appellant complains his counsel failed to cross-examine a witness, Loan Le,
about an alleged discrepancy between her trial testimony and a previous
statement.  No previous statement of this
witness is in the record.  Even if there
are discrepancies in the statements made by this witness at trial, appellant
fails to show how any objections by counsel would have resulted in a different
outcome.  Accordingly, we overrule these
issues.     








 

Knowing and Voluntary Plea and Confession and
Sufficiency of Evidence 

Appellant claims that his plea was involuntary and that his
attorney did not advise him that he would be eligible for community
supervision.  Appellant claims he was
therefore forced to plead guilty.  If the
record indicates that the appellant was properly admonished after pleading
guilty, it is sufficient evidence to establish a prima facie case that the plea
was both knowing and voluntary.  Mallett
v. State, 65 S.W.3d 59, 64 (Tex. Crim. App. 2001).  The record
indicates that appellant was properly admonished and therefore his plea is
considered both knowing and voluntary.  

Appellant also claims there was insufficient evidence to
support his guilty plea and to establish such plea beyond a reasonable
doubt.  A judicial confession standing
alone is sufficient to sustain a conviction upon a guilty plea.  Dinnery v. State, 592 S.W.2d 343, 353
(Tex. Crim. App. 1979).  Appellant pled guilty to murder and,
as such, the evidence is both legally and factually sufficient to support the
verdict of guilty beyond a reasonable doubt.  
We overrule these issues.

Trial Court=s Actions








Appellant claims that the trial court erred when it refused
to dismiss his appointed trial counsel and allow him to represent himself.  The record contains a motion to dismiss
counsel, but this motion requests appointment of other counsel.  A trial judge is under no duty to search
until he finds an attorney agreeable to the defendant.  King v. State, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000).  The right to the counsel of one=s own choice is nether absolute nor
unqualified, and the right must be balanced with the trial court=s need for prompt, orderly,
effective, and efficient administration of justice.  Brink v. State, 78 S.W.3d 478, 483
(Tex. App.CHouston [14th Dist.] 2001, pet. ref=d). 
Once the court has appointed an attorney to represent the indigent
defendant, the defendant has been accorded the protections provided by
law.  Malcom v. State, 628 S.W.2d
790, 791 (Tex. Crim. App.
1982).  The burden then shifts to the
defendant to prove that he was entitled to a change of counsel.  Id. 
The Texas Court of Criminal Appeals has historically affirmed trial
courts= refusal of a defendant=s motion to dismiss court-appointed
counsel.  Id.  Appellant does not cite to any relevant
evidence that demonstrates that he should have been entitled to a change of
counsel or that the trial court committed error in refusing to allow appellant
to represent himself.  Accordingly,
appellant shows no harm in the court=s refusal to dismiss appointed
counsel and appoint other counsel.

Appellant filed many lengthy handwritten letters to the trial
judge.  Buried at the end of one of these
lengthy letters is a statement that appellant waives his right to counsel.  This letter did not clearly request the trial
court to dismiss counsel and allow appellant to represent himself.  Additionally, appellant failed to obtain a ruling
on this request.  Indeed, this letter was
filed before appellant pled guilty and at the plea hearing, appellant failed to
reiterate his request or indicate that he wished to waive his right to counsel.  Instead, appellant initialed his approval of
his appointed attorney=s representation.  No
subsequent request for self-representation appears in the record. Accordingly,
to the extent the record could be construed to contain a request for
self-representation, appellant waived this request.  

Appellant further claims the trial court erred in refusing to
order the sheriff to turn over to appellant his briefcase, allegedly containing
the names and addresses of potential witnesses. 
Nothing in the record indicates appellant requested the trial court to
order the sheriff to turn over this material. 
Under these circumstances, we can find no error by the trial court.  We overrule these issues.

Alleged Suppression of Evidence and Subornation of
Perjury by the Prosecution 








Appellant contends that the prosecution suppressed witness
testimony and other evidence.  Under Brady
v. Maryland, to establish a claim for suppression of evidence, the
appellant must show that (1) the prosecution suppressed evidence, (2) the
evidence was favorable to the appellant, and (3) the evidence was material to
guilt or punishment.  Brady v.
Maryland, 373 U.S. 83 (1963); Hayes v. State, 85 S.W.3d 809, 814 (Tex. Crim. App. 2002).  The evidence appellant refers to are names of
witnesses.  Appellant carried the names
in his briefcase.  The prosecution cannot
suppress evidence that is already known to the defendant and, as a result,
appellant fails to meet the first element. 
Hayes, 85 S.W.3d at 815. 

Appellant also contends the prosecution engaged in Asubornation of perjury material to
the issuance of an arrest warrant and search warrant . . . .@ 
Appellant does not present any proof in the record establishing this
claim.  Accordingly, we find no merit to
this issue.

Violations of Appellant=s Rights under the Texas Constitution

Appellant claims that the district attorney=s direct examination of the state=s witnesses regarding religious
beliefs violates his rights under the Texas Constitution.  The only authority appellant cites to support
his belief is Article I, sections 3 and 6 of the Texas Constitution.  To adequately brief a state constitutional
issue appellant must proffer specific arguments and authorities supporting his
contentions under the state constitution, otherwise his contentions are
inadequately briefed.  See Brooks v.
State, 990 S.W.2d 278, 288 (Tex. Crim. App. 1999).  Appellant
failed to offer any authority, other than the Texas Constitution, to support
his claim that the State violated his rights. 
The sections to which appellant refers are section 3 and section 6.

Section 3, entitled, AEqual rights,@ provides:

All free men, when they form a social compact, have
equal rights, and no man, or set of men, is entitled to exclusive separate
public emoluments, or privileges, but in consideration of public services.

 

Tex. Const. art. I, ' 3.

Section 6, entitled, AFreedom of worship,@ provides:








All men have a natural and
indefeasible right to worship Almighty God according to the dictates of their
own consciences.  No man shall be
compelled to attend, erect or support any place of worship, or to maintain any
ministry against his consent.  No human
authority ought in any case whatever, to control or interfere with the rights
of conscience in matters of religion, and no preference shall ever be given by
law to any religious society or mode of worship.  But it shall be the duty of the Legislature
to pass such laws as may be necessary to protect equally every religious
denomination in the peaceable enjoyment of its own mode of public worship.  

 

Id. at ' 6.  Appellant does not
explain how the State=s examination of witnesses violated these constitutional
rights.

Furthermore,
appellant fails to cite any relevant evidence in the record that supports his
belief that his rights were violated.  In
reviewing the record, the references to religion included the following: (1)
testimony by family and a friend of the victim regarding the victim=s involvement in church activities;
(2) testimony by family that the victim required all members of the household,
including appellant, to attend Bible study; (3) testimony by family of the
victim that appellant was disrespectful to the victim by rolling his eyes and
not paying attention during Bible study; and (4) testimony by an inmate at the
Harris County Jail that appellant had stated he shot the victim because she
tried to force religion on him.  No
violation by the State of appellant=s rights is shown by the presentation
of this testimony.  

Errors in the Record

Appellant
complains that the reporter=s record and the clerk=s record contain errors.  Rule 34.6 provides the procedure for
correcting inaccuracies in the reporter=s record. Tex. R. App. P. 34.6(e). 
Appellant has not complied with the proper procedures for challenging
the reporter=s record.  Furthermore, appellant has not established
that the alleged factual errors in the record contributed to appellant=s punishment.

Actions of Other Persons

Appellant
claims the sheriff denied appellant access to names of potential witnesses in
appellant=s briefcase and that appointed
counsel=s investigator influenced witnesses
against appellant.  These assertions are
not supported by the record.








Conclusion

Having reviewed appellant=s issues and found no reversible
error, we affirm the judgment of the trial court.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed September 23, 2004.

Panel consists of Justices
Anderson, Hudson, and Frost. 

Do Not Publish C Tex. R. App. P. 47.2(b).