JIM HORTON v. STATE.

No. 2327.   Decided February 12, 1913.

Rehearing denied March 12, 1913.

**1.—Theft—Continuance—Want of Diligence.**

Where defendant's application for continuance showed a total want of diligence, there was no error in overruling same.

**2.—Affidavit—Motion for New Trial—Attorney and Client.**

Affidavits attached to the motion for new trial which were taken and sworn to by appellant's counsel as notary public cannot be considered on appeal. Following Maples v. State, 60 Texas Crim. Rep., 169.

Appeal from the County Court of Dallas County at Law.   Tried below before the Hon. W. F. Whitehurst.

Appeal from a conviction of misdemeanor theft; penalty, thirty days imprisonment in the county jail.

The opinion states the case.

*J. S. Baker,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of a misdemeanor theft.

A motion was made for new trial upon the grounds that appellant had been deprived of his witnesses.   There was no application for continuance.   Appellant asserts in his motion for a new trial that he informed his attorney who these witnesses were and asked him to see that they were summoned.   The witnesses were not summoned and no process, so far as the record is concerned, was asked for.   He went to trial and the same attorney, it seems, defended him during the trial without making an application for continuance or any request that the case be postponed till the witnesses could be secured. On motion for new trial he had retained another attorney who was not engaged in the trial.   This attorney obtained some affidavits which are attached to the motion for new trial, stating what the witnesses would testify.   The testimony would have been of some materiality had these witnesses been before the jury.   We are of opinion, however, that the diligence in the matter was utterly wanting.   While the attorney who defended him on trial did not apply for a continuance and did not call the court's attention to the absent witnesses or give any reason why he went to trial without the witnesses, the appellant and counsel who defended him all knew of the facts stated in the affidavit before the announcement of ready for trial.   No authority is cited to us that would support his contention that under the circumstances he was entitled to a new trial.   Another proposition, however, eliminates the affidavits attached to the motion for new trial.   In Maples v. State, 60 Texas Crim. Rep., 169, the

question here presented was expressly decided. In this case the attorney who represented appellant in the motion for new trial took the affidavits attached to the motion for new trial and swore the witnesses before himself as Notary Public. He was then the attorney in the case and had filed a motion for new trial,—before taking the affidavits as shown by the record. The motion for new trial was filed on November 18th. An amended motion was filed subsequently. Appellant swore to the motion for new trial, prepared by counsel, on the 18th of November, which motion was sworn to before his attorney as Notary Public. The affidavits, one was filed on the 19th of November, another on the 20th of November, another on the 20th of November and another was filed on November 21st, which shows to have been sworn to on the 7th of December, sometime after the time of its filing, but they are all sworn to before the attorney as Notary Public. These affidavits can not be considered. In the Maples case, supra, there were affidavits used and the language of the opinion is as follows:

"Mr. Lipscomb, private prosecutor in the case, took the affidavits of the jurors and appended same to the State's contest of the motion for new trial. Motion was made by appellant to strike out these affidavits as they were unwarranted and could not be taken by counsel in the case. We are of opinion this proposition is well taken. The county attorney could not swear the jurors to such an affidavit, nor can interested counsel do so. See Testard v. Butler, 20 Texas Civ. App., 106; Rice v. Ward, 93 Texas, 532, 56 S. W. Rep., 747; Blum v. Jones, 86 S. W. Rep., 492; Floyd v. Rice, 28 Texas, 341; Rice v. Ward, 93 Texas, 532. See also 13 Cyc., 852 for collation of authorities."

These affidavits will not, therefore, be considered from either standpoint. This motion for new trial was properly overruled by the trial court.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied March 12, 1913.—Reporter.]