## ARTHUR BURNETT v. THE STATE.

### No. 3076. Decided April 11, 1914.

**1.—Theft of Cattle—Sufficiency of the Evidence.**

Where, upon trial of theft of cattle, the evidence sustained a conviction under proper charge of the court, there was no reversible error on this ground.

**2.—Same—Continuance.**

Where the facts set out in the motion for continuance were not disputed, and the other witnesses for which the continuance was sought were in attendance of the court, there was no error in overruling the motion.

**3.—Same—Evidence—Moral Turpitude—Plea of Guilty—Petty Theft— Justice Court.**

A plea of guilty to petty theft in an examining trial in the Justice Court involves moral turpitude, and there was no error in admitting this fact in evidence, although the Justice Court could not enter a final judgment of conviction.

**4.—Same—Newly Discovered Evidence—Attorney and Client.**

Where the affidavits attached to the motion for new trial were made before defendant's counsel, they could not be heard on appeal; besides, the alleged facts could have been obtained before trial. Following Maples v. State, 60 Texas Crim. Rep., 169.

Appeal from the District Court of Angelina. Tried below before the Hon. L. D. Guinn.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Sam H. Townsend* and *W. J. Townsend,* for appellant.—On question of continuance: Roquemore v. State, 54 Texas Crim. Rep., 592; Smith

v. State, 54 id., 617; Jones v. State, 55 id., 123; Weaver v. State, 52 id., 11.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was jointly indicted with Dave Havard, charged with the theft of one head of cattle, the property of Fred Dearmond; a severance was granted and appellant placed on trial.

Appellant testified in the case and admitted assisting Dave Havard in killing a cow, at the time and place charged, but says he was employed by Havard to assist him (Havard) in killing the cow; that Havard represented to him that it was his (Havard's) cow, and he, appellant, believed it to be Havard's cow; that the cow killed was branded "D" on right hip. We think the record would authorize the jury to find, if it does not conclusively show, that the cow killed was the property of Mr. Dearmond, and was branded "HC" on hip, and not "D" as testified to by appellant.

In his first bill of exceptions appellant complains that the court erred in overruling his application for a continuance on account of the absence of the witnesses Mrs. Fannie Havard, Sam Horton and Tom Du-Bose. The record discloses that when the court overruled the application he had process issued for these witnesses, and while their attendance is not shown to have been obtained before the conclusion of the testimony, yet it does not disclose that before the conclusion of the trial of the case the attendance of Mrs. Fannie Havard and Sam Horton was secured, and the court approving the bill says if at the conclusion of the testimony the defendant had requested that a postponement be had until the witnesses arrived he would have granted it. Article 698, Code Criminal Procedure, provides that the court shall allow testimony to be introduced at any time before the argument is concluded, if it appears that it is necessary to a due administration of justice. When the witnesses arrived appellant should have then tendered them as witnesses, even if the testimony had closed, and argument begun. As to the witness Tom DuBose, all it was stated he would testify is that while the beef was being peddled he purchased a portion of the beef from Dave Havard and paid Havard for it; that appellant was with Havard at the time, and did not claim any part thereof. That the beef was peddled out, in the main, and that Havard made the sales is a fact about which there was no question, consequently the absence of the witness DuBose would not present reversible error, and as the record discloses the attendance of the other witnesses was secured before the conclusion of the trial, the court did not err in refusing to grant a new trial on this ground in the motion.

In another bill it is shown that on the cross-examination of appellant he was asked if he had not plead guilty to theft of some turkeys, and he answered that he had. On re-direct examination it was shown that he entered his plea in the Justice Court and appellant moved to strike out the testimony on the ground that the justices of the peace have no juris-

diction to accept pleas of guilty in theft cases. Justice Courts have jurisdiction to entertain complaints for theft and conduct examining trials and if the evidence justifies, bind a person over to the District or County Courts, whichever court would have jurisdiction, and one could enter a plea of guilty on this trial, while the court was conducting an examination as to whether or not he would be bound over. Of course, the court could enter no final judgment of conviction, but only a judgment binding the person to appear before the court having jurisdiction of the offense, yet, evidence that such a complaint had been filed, and he had entered a plea of guilty on this examining trial, would be admissible as affecting his credit,—theft, even if a misdemeanor, being an offense involving moral turpitude. The only error the court committed was at the request of appellant in striking this testimony from the record and instructing the jury not to consider it.

These are all the bills in the record and there is no complaint as to the charge of the court as given. So the only other matter that need be discussed is the ground alleging newly discovered testimony. In the first place, all the affidavits attached to the motion were attempted to be sworn to before appellant's counsel. It has been held by this court in an unbroken line of decisions that counsel in the case are not authorized to take such affidavits. (Maples v. State, 60 Texas Crim. Rep., 169.) The reason for this rule is aptly illustrated in this case. The affidavit of the sister-in-law of appellant, Mrs. Babe Burnett, appears in the record, sworn to before appellant's counsel in which it is stated she would swear, "about two days before the trial of appellant that Alice Conley (a witness for the State) was at her house and had said she was mad at Dave Havard and appellant and was going to swear that appellant proposed to her if she would swear for him and Dave, she would be well paid for it. That in fact she did not know anything about the case, but was going to so testify because she was mad at him." The witness Alice Conley did swear on the trial that such proposition had been made to her by appellant, and she refused it. However, in answer to this affidavit, the State presents the affidavit of the father of Mrs. Burnett, and Mr. Pride swears: "I know Mrs. Babe Burnett. She is my daughter. Yesterday evening late, I learned that she had been brought to Lufkin as a witness to testify for defendant, Arthur Burnett, on his motion for new trial. Shortly after her arrival I saw her and talked with her, and she told me that she had signed an affidavit, the one set out in defendant's motion, and upon my questioning her about the matter, she admitted to me and said to me that she really did not sign the said affidavit and told the parties insisting upon her doing so that she did not want to sign it, but after awhile she agreed for her husband, Marshall Burnett, who is the brother of Arthur, the defendant, to sign her name to it. She also told me that the girl, Miss Alice Conley, had talked with her, and she did not remember just what the conversation was and that was the reason that she did not want to sign the affidavit, but that appellant's counsel told her that she had just as well sign the

affidavit, that he had it anyway, and that if she did not sign it she could go back home. I know that she, my daughter, did go back home on the early morning train, and is not here now." This but illustrates that in justice to counsel, as well as in the interest of public policy, counsel in a case should not be permitted to take testimony in a case, or swear witnesses to affidavits or other papers in a case. As to the affidavit of Mrs. Letha Johnson, it shows that appellant knew that Mrs. Johnson knew these facts as well before as he did after the trial for she says he was present on the occasion and took part in the conversation, and if he was surprised at the testimony of Miss Conley he should then have withdrawn his announcement or moved to postpone until the witness or witnesses who would swear to these facts could be obtained. It is not allowable to continue with the trial, and if it results adversely, then set these matters up in the motion for new trial. This would be trifling with the court. As hereinbefore stated, the affidavits are not verified in a way we can consider them, but if so, under the rules of law governing newly discovered evidence, they would not present reversible error. For a list of authorities so holding, see sec. 1149, White's Ann. C. C. P., and each subdivision of said section.

The judgment is affirmed.                                    *Affirmed.*