EX PARTE LEROY TURNER.

No. 10919.    Delivered February 1, 1928.

Habeas Corpus—Sworn to Before Attorney for Appellant—Not Considered.

In spite of the fact that this court has repeatedly held that an affidavit cannot be sworn to before the attorney for the defendant, records continue to come before us in which such insufficient affidavits appear. In this case an original application for a writ of habeas corpus, the affidavit is sworn to before the attorney of relator and cannot be considered. See Maples v. State, 60 Tex. Crim. Rep. 171, and other cases cited.

An original application for a writ of habeas corpus to secure release of relator from the county farm of Smith County. Dismissed.

The opinion states the case.

No brief filed for relator.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—By an original application a writ of habeas corpus is sought for the purpose of relieving applicant from restraint by the superintendent of the county farm of Smith County, where he is held by virtue of a commitment issued by the county judge of said county.

We are met at the threshold of our consideration of the application by the fact that same is sworn to before the attorney for the applicant. This court uniformly declines to give validity to affidavits made before the attorney for such affiants. Maples v. State, 60 Tex. Crim. Rep. 171; Garza v. State, 145 S. W. 591; Hogan v. State, 147 S. W. 871; Burnett v. State, 165 S. W. 581; Hicks v. State, 75 Tex. Crim. Rep. 461; Sanford v. State, 79 Tex. Crim. Rep. 346; Steele v. State, 87 Tex. Crim. Rep. 588; Gibbs v. State, 99 Tex. Crim. Rep. 186; Garner v. State, 100 Tex. Crim. Rep. 626.

The application not being properly sworn to will be dismissed, and it is accordingly so ordered.

*Dismissed.*