## ROSCOE DUNCAN v. THE STATE.

No. 18453.   Delivered October 28, 1936.
Rehearing Denied (Without Written Opinion) November 25, 1936.

The opinion states the case.

ᵖ  *Wuntch & Bindler*, of Tyler, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is arson; penalty assessed at confinement in the penitentiary for two years.

The State's witness, Garfield Franklin, testified that he lived on the Wilson farm near Arp, Texas; that about eleven o'clock on the night of January 26th his barn was destroyed by fire. In the barn were various farm implements and other articles which were destroyed. Footprints were found in a plowed field going to and from the barn. These tracks went from the barn to a house on the farm at which a dance was in progress. Appellant was seen at the dance before the fire and also seen leaving the dance at the time of the fire.

Ella Mae Franklin testified that she was present at the dance. Appellant came to the dance in company with his brother. After dancing for awhile the appellant and his brother left the dance and went to the barn. The moon was shining so the witness could see the appellant. After some ten or fifteen minutes the barn was on fire. The witness saw appellant coming from the direction of the barn, which she estimated to be about 150 yards from the house. When the fire was discovered by the dancers, the appellant jumped in his car and left.

Calhoun, a deputy sheriff, testified that he investigated the burning of the barn of Garfield Franklin; that he found some footprints going from the barn to the place where the dance had taken place. The witness was acquainted with the appellant. The appellant was asked to remove his right shoe which the officers used in measuring it with the tracks. The officer said that the shoe was run over on one side of the heel and that part of the heel was gone; that the shoe fit perfectly into the tracks in the field when the comparison was made.

Virginia Franklin, wife of Garfield Franklin, testified that appellant had married their daughter some seven or eight years ago; that they had been separated for about two years. She saw appellant on the farm on the night the barn burned. He came to the window of the house and looked in. Upon hearing the dog bark she went to the window and saw appellant at a well near the barn. It was a moonlight night and she recognized the appellant as being the man she saw. Three or four minutes after seeing appellant in the lot, she saw the barn on fire. He was about fifteen feet from the barn when she saw him. The witness testified that she was positive that she saw

appellant at her window, that she saw him walk towards the barn and that she saw him in the lot shortly after the clock had struck eleven.

Appellant testified that he went to the dance; that he went out of the house once or twice before the fire occurred. He met Garfield's daughter and her beau the second time he went out of the house. They offered him a drink of whisky. He tasted it but spit it out and said it was not fit to drink. They went back into the house and had danced for some ten minutes when some one hollered that the barn was on fire. Garfield went out of the house and went to the barn. Appellant followed him part of the way and then stopped. When the barn fell in, the appellant and his brother went back to the house, got in their car and drove off. Appellant denied that he went to the barn and set it on fire. He said there was no ill feeling between him and his former wife.

Solon Hackett, a witness for the appellant, testified that he was at the dance on the night of the burning of the Garfield barn; that appellant was present and was dancing; that while the dance was in progress some one hollered "fire." The witness did not know whether the appellant stayed at the dance for any length of time or went home.

Appellant conducted the trial of his case without the aid of counsel.

The conflict in the evidence was resolved by the jury in favor of the State, and their verdict is binding upon this court.

The motion for new trial, based upon alleged newly discovered evidence, is sworn to before the appellant's attorney. Under the holdings of this court the motion cannot be considered. See cases collated in Vernon's Ann. Tex. C. C. P., Vol. 3, Art. 756, note 12, p. 65. The affidavits attached to the motion for new trial were also made before the appellant's attorney as notary public and cannot therefore be considered by this court. See Art. 756, C. C. P., also Branch's Ann. Tex. P. C., Sec. 194.

The bill of exception found in the record complains of the action of the trial judge in overruling the appellant's motion for new trial. The bill does not contain the signature of approval of the trial judge. It is a well-settled rule that a bill of exception without the approval of the trial judge, verified by his signature, cannot be considered on appeal. See Art. 667, Vernon's Ann. Tex. C. C. P., 1925, Vol. 2, p. 404, note 35.

Deeming the evidence sufficient to support the conviction, the judgment of the trial court is affirmed.

*Affirmed.*