## DORIS FERGUSON V. STATE.

No. 26,510. October 7, 1953.
Appellant's Motion for Rehearing Denied
(Without Written Opinion) November 18, 1953.

*L. D. Harris,* and *Ralph D. Coppock,* Houston, for appellant.

*William H. Scott,* Criminal District Attorney, *King C. Haynie,* Assistant Criminal District Attorney, Houston, and *Wesley Dice,* State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant was convicted for the offense of operating a motor

vehicle upon a public highway while intoxicated; punishment was assessed at six months in jail.

Witnesses for the state testified that appellant, on the 26th day of August, 1952, was driving her automobile upon and along Homestead Road, a public highway, in Houston, Harris County, Texas; that her "automobile had been going from side to side of the road; that she had run other cars approaching her off onto the shoulder of the road;" and that her automobile collided with a truck. The witnesses further testified that they "smelled her breath, saw her walk, and heard her talk; that her breath smelled strongly of alcohol; that she was unsteady on her feet, and could not talk plainly;" and based upon these facts, it was their opinion that appellant was drunk.

A witness for appellant testified that she "was afflicted with a heart ailment and suffered blackouts as a result thereof."

By Bill of Exception No. 1, appellant contends that the court erred "in appointing an attorney to represent her without her consent or approval."

This bill of exception is qualified by the court as follows: "The appointment of counsel for defendant was done with her consent and approval."

Appellant accepted the bill of exception as qualified and is bound thereby.

By Bills of Exception Nos. 2 and 3, appellant complains of the action of the trial court in refusing to grant her amended motion for new trial which was supported alone by affidavits attached thereto.

The verified amended motion for new trial and the supporting affidavits were sworn to before one of appellant's attorneys. Under such circumstances, neither the verified amended motion for new trial nor the affidavits in support thereof can be considered since counsel in the case was not authorized to take such affidavits. In Burnett v. State, 73 Tex. Cr. R. 477, 165 S.W. 581, we said: "* * * This but illustrates that in justice to counsel, as well as in the interest of public policy, counsel in a case should not be permitted to take testimony in a case, or swear witnesses to affidavits or other papers in a case." See also Horton v. State, 69 Tex. Cr. R. 89, 154 S.W. 227; 31 Tex.

Jur. 346; Duncan v. State, 131 Tex. Cr. R. 335, 98 S.W. 2d 822; Reeves v. State, 145 Tex. Cr. R. 208, 167 S.W. 2d 176.

The evidence is sufficient to sustain the conviction.

Finding no reversible error, the judgment of the trial court is affirmed.

Opinion approved by the Court.