Larry Earl RENO, Appellant,

v.

The STATE of Texas, Appellee.

No. 39639.

Court of Criminal Appeals of Texas.

May 25, 1966.

Rehearing Denied June 25, 1966.

■■■■■■■

———◆———

Mike Barclay, Dallas, for appellant.

Henry Wade, Dist. Atty., Robert H. Stinson, Jr., Frank W. Watts, Kenneth E. Blassingame and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Judge.

The offense is robbery by assault; the punishment, enhanced under Art. 62 P.C. by a prior conviction for the offense of burglary with intent to steal, life.

Appellant's second amended motion for new trial was overruled, sentence was pronounced and notice of appeal was given on July 1, 1965.

The statement of facts reflects that appellant was identified as the man who entered the lobby of the Wynnewood Hotel, in Dallas County, about 3:30 A.M. on Sunday, January 24, 1965; assaulted the night clerk, Leon Williams, and said: "I want your money"; took $90.25 out of the cash drawer and drove away in a car after ordering the night clerk to wait outside for ten minutes.

The record reflects that Officer J. H. Gardner, while on duty about 3:40 A.M., observed a speeding car, gave chase and finally overtook the car and arrested appellant, the driver, who threw up his hands and dropped $91.69 in money.

Appellant's identity as the defendant in the prior conviction for burglary alleged in the indictment was proved by certified copies of the indictment, judgment, revocation of probation, and sentence and testimony of an expert from comparison of fingerprints.

Appellant did not testify and no witnesses were called in his behalf.

In appellant's brief two propositions of law are presented as ground for reversal.

It is contended that the trial court abused his discretion in failing to grant appellant a new trial "based on the jury's misconduct of having discussed, considered, and based their judgment on appellant's failure to take the witness stand and testify in his own behalf."

Appellant's second amended motion for new trial, filed July 1, 1965, alleged that the jury considered the fact that appellant failed to testify and that by virtue thereof resolved that he was guilty.

The motion was not sworn to or supported by affidavit other than the affidavit of one of the jurors previously filed which was sworn to before one of appellant's attorneys.

■ A motion alleging that something improper transpired within the jury room must be supported by affidavit of a juror, or some other person who was in position to know the facts, before it is sufficient as a pleading. Brown v. State, 160 Tex.Cr.R. 150, 267 S.W.2d 819, cert. denied, 348 U.S. 888, 75 S.Ct. 210, 99 L.Ed. 698; Carruthers v. State, 143 Tex.Cr.R. 45, 156 S.W.2d 988; Pierce v. State, 160 Tex.Cr.R. 646, 274 S.W.2d 408; Graves v. State, 169 Tex.Cr.R. 595, 336 S.W.2d 156, and cases cited.

■ Such an affidavit sworn to before one of appellant's attorneys cannot be considered. Ferguson v. State, 159 Tex.Cr.R. 169, 261 S.W.2d 721, and cases cited; Reeves v. State, 145 Tex.Cr.R. 208, 167 S.W.2d 176, and cases cited.

The trial court did not abuse his discretion in overruling the motion for new trial.

■ Appellant's remaining claim for reversal relates to the portion of the indictment alleging the prior conviction, the contention being that informing the jury of

such prior conviction infringed his right to an impartial jury trial.

Consistent with our many prior opinions, we overrule such contention. Taylor v. State, Tex.Cr.App., 398 S.W.2d 559; Eldred v. State, Tex.Cr.App., 396 S.W.2d 142; Fletcher v. State, Tex.Cr.App., 396 S.W.2d 393, and cases cited.

The evidence is sufficient to sustain the conviction and we find no reversible error.

The judgment is affirmed.