Eugene KLECHKA, Appellant,

v.

The STATE of Texas, Appellee.

No. 41305.

Court of Criminal Appeals of Texas.

May 29, 1968.

Rehearing Denied July 17, 1968.

Charles M. Pribilski, Houston, for appellant.

Carol S. Vance, Dist. Atty., Joseph W. Doucette and Ray Montgomery, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is robbery by assault; the punishment, assessed by the jury, thirty (30) years confinement in the Texas Department of Corrections. A recitation of the facts is not necessary to properly dispose of this appeal.

Appellant's brief filed in the trial court in accordance with Art. 40.09, Sec. 9, V.A.C.C.P. raises two grounds of error. A pro se supplemental brief filed with this Court subsequent to this case being docketed on appeal raises three additional grounds of error, none of which we deem necessary to review in the interest of justice under the provisions of Art 40.09, Sec. 13, V.A.C.C.P.

In his first ground of error appellant contends that the trial court erred in denying his pro se "Petition for Writ of Habeas Corpus for Dismissal of Indictments." The petition was filed on the first day of trial, and now as then appellant grounds his complaint on the fact that he did not receive an examining trial prior to indictment.

There is nothing in the record to indicate that at any time appellant requested an examining trial and was denied same.

The return of an indictment terminates the right to an examining trial. Art. 16.01, V.A.C.C.P.; Gooden v. State, Tex.Cr. App., 425 S.W.2d 645; Bryant v. State, Tex.Cr.App., 423 S.W.2d 320.

Further, this Court on numerous occasions has held that the failure to grant an examining trial prior to the return of the indictment does not affect the validity of the indictment. Gooden v. State, supra; Murphy v. State, Tex.Cr.App., 424 S.W.2d 231; Ash v. State, Tex.Cr.App., 420 S.W.2d 703; Trussell v. State, Tex.Cr.App., 414 S.W.2d 466. Appellant's first ground of error is overruled.

In his final ground of error appellant urges that the trial court erred in overruling his pro se motion for continuance filed with the court on the first day of trial. Appellant based his motion on the allegation that his appointed counsel did not have sufficient time to prepare for trial.

The record teaches us that trial counsel was appointed on February 7, 1967, and that the trial date was March 1, 1967. We perceive no error. Art. 26.04(b), V.A.C.C.P. We further observe that the motion for continuance was sworn to by appellant before his counsel, and is therefore insufficient. Art. 29.08, V.A.C.C.P.; Gilbert v. State, 126 Tex.Cr.R. 290, 284 S.W.2d 906; Reeves v. State, 145 Tex.Cr.R. 208, 167 S.W.2d 176, and cases therein cited; Ferguson v. State, 159 Tex.Cr.R. 169, 261 S.W.2d 721.

The judgment is affirmed.