Michael Wayne STUBBS, Appellant,

v.

The STATE of Texas, Appellee.

No. 43074.

Court of Criminal Appeals of Texas.

Sept. 4, 1970.

John H. Winburn, Donald W. Keck, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., and Edgar A. Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

The offense is burglary; the punishment, 12 years.

Appellant and David Harold Boss were indicted and tried together on March 12, 1969. Trial was before a jury on a plea of not guilty. The jury found appellant guilty and assessed his punishment.

Appellant's first amended motion for new trial was overruled, notice of appeal given and sentence was pronounced on May 9, 1969.

Officers C. K. Pinkston, R. L. Irwin and Jesse Youngblood, of the Garland Police Department, were on duty about 9:00 P.M., January 4, 1969, and observed two men attempting to enter the west door of the Mitchell Goodwin Lumber Company in Garland. As the officers approached the building, the two men, later identified as the appellant and David Harold Boss, were seen crawling on the floor inside the office. The officers identified themselves and the two men ran from the building. Boss, who was armed with a .38 caliber revolver, turned his pistol on Officer Pinkston at which time the officer shot and wounded Boss. The appellant stopped running and returned to the scene where he was placed under arrest. The sufficiency of the evidence is not challenged.

■ Appellant's first ground of error complains that the trial court erred in overruling his first amended motion for new trial for the reason that the jury received and considered, during their deliberations on punishment, evidence outside the record to the effect that appellant had committed the burglary in order to support his narcotic habit.

The motion was supported only by affidavits of two jurors sworn to before appellant's attorney.

This court has held that a motion alleging that something improper transpired within the jury room must be supported by affidavit of a juror, or some other person who was in position to know the facts, before it is sufficient as a pleading. Reno v. State, Tex.Cr.App., 403 S.W.2d 799; Brown v. State, 160 Tex.Cr.R. 150, 267 S.W.2d 819, cert. denied, 348 U.S. 888, 75 S.Ct. 210, 99 L.Ed. 698; Carruthers v. State, 143 Tex.Cr.R. 45, 156 S.W.2d 988; Pierce v. State, 160 Tex.Cr.R. 646, 274 S.W.2d 408; Graves v. State, 169 Tex.Cr.R. 595, 336 S.W.2d 156. Such an affidavit

sworn to before one of appellant's attorneys cannot be considered. Ferguson v. State, 159 Tex.Cr.R. 169, 261 S.W.2d 721, and cases cited; Reeves v. State, 145 Tex.Cr.R. 208, 167 S.W.2d 176, and cases cited; Reno v. State, supra.

The trial court did not err in overruling appellant's first amended motion for new trial.

■ Appellant's second ground of error contends that the trial court erred in failing to grant his verbal motion for continuance prior to trial and allow appellant to secure witnesses.

The record before this court does not include a transcription of such a motion. At the hearing on appellant's first amended motion for new trial, appellant's attorney was sworn as a witness and testified that he in fact made such a motion prior to the trial on the merits.

Article 29.03 Vernon's Ann.C.C.P. provides for continuance of a criminal action on the written motion of the state or of the defendant, upon a showing of sufficient cause, and if such cause is fully set forth in the motion. The trial court's refusal to grant a verbal application for a postponement or a continuance, whether made before or after trial commenced, is not ground for reversal. Crenshaw v. State, Tex.Cr.App., 389 S.W.2d 676; Finch v. State, Tex.Cr.App., 399 S.W.2d 544; Walker v. State, 90 Tex.Cr.R. 56, 232 S.W. 509. Furthermore, Art. 29.08 V.A.C.C.P. requires that a motion for continuance be sworn to by the defendant himself.

Appellant's second ground of error is overruled.

■ Appellant's third and fourth grounds of error complain that the trial court erred in failing to grant appellant's motion for continuance of the hearing on his first amended motion for new trial and in failing to issue a bench warrant for the purpose of securing a witness whose testimony he alleges would constitute newly discovered evidence.

Appellant's motion for continuance contains no statement showing the facts to be proved by the testimony of the witness, as required by Art. 29.06 V.A.C.C.P. Absent such a showing the trial court is in no position to make a determination of whether such testimony would be material to the case at bar.

We find no merit in appellant's contention that the provision of Art. 29.06(3) V.A.C.C.P., requiring a defendant to show the materiality of the facts to be proved, constitutes a violation of his 5th Amendment right against self-incrimination.

Appellant's third and fourth grounds of error are overruled.

Finding no reversible error, the judgment of the trial court is affirmed.