NUMBER 13-98-284-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


DAMEON JONES, Appellant,


v.



THE STATE OF TEXAS, Appellee.

____________________________________________________________________


On appeal from the 24th District Court of DeWitt County,

Texas.

____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Yañez, and Rodriguez


Opinion by Justice Hinojosa



 A jury found appellant, Dameon Jones, guilty of the offense of
aggravated robbery and assessed his punishment at twenty years
imprisonment. By three points of error, appellant contends: (1) the trial
court denied him a fair trial when it denied his oral motion for
continuance; (2) the trial court erred by making an affirmative finding of
the use of a deadly weapon; and (3) the prosecutor used improper jury
argument during the punishment phase of the trial. We affirm.

A. Background


 On October 24, 1997, Roscoe Hilliard was at the residence of
Robert Wimbish in DeWitt County to ask for assistance in starting his
car. While at Wimbish's home, appellant, Ronald Coleman, Maurice
Williams, Jamall Thomas, and Adrian Thomas appeared and demanded
money that Hilliard allegedly owed Maurice Williams for some cocaine. 
The group of men then began to hit and kick Hilliard. In the course of
the events, Hilliard was hit by a stick and a coffee table. Hilliard later
testified the stick was carried into the residence by Coleman, and
appellant was the individual that hit him with the coffee table. After
their assault on Hilliard, the assailants took about two hundred dollars
from Hilliard's pants pocket, and removed the stereo from Hilliard's car. 
Hilliard testified that he saw appellant walking away from the scene
with the stereo. The stick used in the assault was retrieved by the
police in the front yard of Wimbish's home. 

B. Procedural History


 On November 18, 1997, appellant was charged by indictment with
the offense of aggravated robbery by use of a deadly weapon. On April
2, 1998, appellant made an oral motion for continuance, which was
denied by the trial court. On April 6, 1998, appellant's trial began
before a jury. On April 8, 1998, the jury found appellant guilty of the
offense of aggravated robbery and assessed his punishment at twenty
years imprisonment in the Institutional Division of the Texas
Department of Criminal Justice. The trial court also entered an
affirmative finding of the use or exhibition of a deadly weapon, as found
by the jury. 

 Appellant filed a motion for new trial and notice of appeal on April
27, 1998. The trial court denied the motion for new trial on May 26,
1998. 

C. Oral Motion for Continuance


 By his first point of error, appellant complains the trial court denied
him a fair trial when it overruled his oral motion for a continuance. 
Appellant contends he needed the continuance to adequately determine
the exact nature of "the discovery of the possible identity of a man from
Gonzales that would be able to place appellant at a different location
during the alleged robbery."

 We apply an abuse of discretion standard of review to the trial
court's denial of appellant's motion for continuance. Janecka v. State,
937 S.W.2d 456, 468 (Tex. Crim. App. 1996) (citing Heiselbetz v. State,
906 S.W.2d 500 (Tex. Crim. App. 1995)). "To establish an abuse of
discretion, there must be a showing that the defendant was actually
prejudiced by the denial of his motion." Janecka, 937 S.W.2d at 468
(citing Heiselbetz, 906 S.W.2d at 511). 

 A motion for continuance is a matter left to the sound discretion
of the trial court. Tex. Code Crim. Proc. Ann. art. 29.06 (Vernon 1989). 
In Hightower v. State, 629 S.W.2d 920, 926 (Tex. Crim. App. 1981), the
court held there was no abuse of discretion to refuse an oral motion for
continuance. The trial court's refusal to grant a verbal motion for
continuance, whether made before or after trial commenced, is not
ground for reversal. Stubbs v. State, 457 S.W.2d 563, 564 (Tex. Crim.
App. 1970); Ashcraft v. State, 900 S.W.2d 817, 834 (Tex. App.--Corpus
Christi 1995, pet. ref'd, pet. dism'd).

 Article 29.06 of the Texas Code of Criminal Procedure authorizes
a continuance on account of the absence of a witness.(1) However, to be
entitled to such a continuance a defendant must comply with each of
the statutory prerequisites. As set out in Gentry v. State, 770 S.W.2d
780, 786 (Tex. Crim. App. 1988), the request must be in writing, sworn
to by the defendant, and allege facts sufficient to constitute diligence. 
Tex. Code Crim. Pro. Ann. arts. 29.03, 29.06, 29.08 (Vernon 1989). 
Further, to preserve error and challenge a trial court's denial of a motion
for continuance made because of an absent witness, appellant must file
a sworn motion for new trial, stating the testimony he expected to
present by the witness. Varela v. State, 561 S.W.2d. 186, 191 (Tex.
Crim. App. 1978); Ashcraft, 900 S.W.2d at 834. A showing under oath
by means of an affidavit of the missing witness or some other source
as to what that witness would testify must accompany the motion for
new trial. Benoit v. State, 561 S.W.2d 810, 817 (Tex. Crim. App. 1977);
Ashcraft, 900 S.W.2d at 834. And, it must be shown how the
witness's testimony would have been material. Gentry, 770 S.W.2d at
787; see Tex. Code Crim. Pro. Ann. art. 29.06 (Vernon 1989).

 On April 2, 1998, appellant made an oral motion for continuance. 
Appellant asked the court for a continuance because he had "just been
given the State's witness list with thirty-six (36) new witnesses for
Monday, plus we have discovered the possible identity of another eye
witness that may be able to place [him] at a different location." 
Appellant further supported his request by stating "we request a
continuance in order to investigate the matter further, plus the co-defendant just plead and will now be a State's witness."(2) The trial
court denied the motion.

 In this case, the record reflects there was no written, sworn
motion for continuance. Instead, the appellant made an oral motion and
asserted therein his claim of the materiality of the testimony of the "man
from Gonzales." 

 After reviewing the record, we conclude appellant did not exercise
due diligence in trying to obtain the appearance of the "man from
Gonzales." Appellant did not even attempt to make a showing of the
diligence he put forth to obtain the attendance of the witness. 
Appellant stated that he may have discovered the possible identity of
another eye witness. To this Court, identity infers that appellant at least
had a "possible" name of the man. With a name, appellant had the
ability to issue a subpoena for the man. Issuing a subpoena for "the
man from Gonzales" would have exemplified the necessary reasonable
diligence. See Ramirez v. State, 842 S.W.2d 796, 800 (Tex. App.--El
Paso 1992, no pet.) (stating "[i]nsofar as appellant wholly failed to apply
for process, he has failed to exercise the due diligence which is
mandatory to support a motion for continuance...."). See Tex. Code
Crim. Pro. Ann. art. 29.06 (Vernon 1989).

 Next, it is the responsibility of appellant to prove that the expected
testimony of the absent witness would have been material. There was
no affidavit of the absent witness accompanying the motion for
continuance. Alternatively, there was no sworn testimony
accompanying the motion for continuance which suggests what the
nature of the witness's testimony would have been. Although,
appellant did file a motion for new trial, he did not state the testimony
that he expected to present by calling the "man from Gonzales" as a
witness. Appellant did not even mention the lack of the witness's
testimony as a reason that he should be granted a new trial. In his
brief, appellant states that the denial of the motion for continuance
denied him the opportunity to adequately determine the exact nature of
the favorable evidence and to prepare his case accordingly. This
general statement does not establish that the witness's testimony
would be material to this case. Thus, appellant did not adequately
preserve his challenge to the trial court's refusal of his motion for
continuance.

 Further, we do not believe that appellant has been prejudiced by
the denial of the continuance because he did not take the necessary
steps to insure the presence of the witness or to preserve his complaint
for appellate review. In his brief, appellant states that the witness
would have been disinterested, unlike the witnesses that actually
testified at appellant's trial. We disagree. While it may be true that the
alleged witness may have been disinterested, we conclude that his
testimony would have only been cumulative of the disinterested
testimony of Lori White and Diane Melissa Diaz, who testified at trial
that appellant was at their house at the time of the alleged crime. 
Therefore, we do not find appellant has adequately established that he
was prejudiced by the denial of his motion for continuance.

 Appellant cites O'Rarden v. State, 777 S.W.2d 455 (Tex.
App.--Dallas 1989, pet. ref'd), for the proposition that the denial of his
oral motion for continuance was the same as the denial of a fair trial. 
The Dallas Court of Appeals stated in O'Rarden:

While we agree that, as a general rule, a motion for
continuance must be in writing and sworn to by a person
having personal knowledge of the facts relied upon for the
continuance, this rule is not absolute. When a party makes
an oral motion for continuance, such motion is not a
statutory one but, rather, is addressed to the equitable
powers of the trial court. Darty v. State, 149 Tex. Crim. 256,
193 S.W.2d 195, 195 (1946); Daigle v. State, 658 S.W.2d
774, 775 (Tex. App.--Beaumont 1983, no pet.). Such an oral
motion for continuance is reviewable only for abuse of
discretion. Daigle, 658 S.W.2d at 775; see Darty, 193
S.W.2d at 195. When the circumstances surrounding the
trial court's denial of an oral motion for continuance amount
to a denial of the rudiments of due process required under
both our State and federal constitutions, such denial is
subject to appellate review. See Brown v. State, 630 S.W.2d
876, 880 (Tex. App.--Fort Worth 1982, no pet.).

O'Rarden, 777 S.W.2d at 459-60.

 In the present case, appellant never made an attempt to state who
the witness was or what the witness would have testified to, other
than inferring that the man would provide an alibi. From this, we
cannot conclude that the trial court abused its discretion in denying
appellant the opportunity to determine the exact nature of the favorable
evidence because appellant made no attempt to show that the witness
even existed, that he could locate the witness, or that the man would
provide material testimony.

 We hold the trial court did not abuse its discretion in denying
appellant's oral motion for continuance. Appellant's first point of error
is overruled. 

D. Deadly Weapon


 By his second point of error, appellant contends the trial court
erred in making an affirmative finding on the use of a deadly weapon. 
Appellant argues that it was "impossible for the trial court to determine
which theory the jury used to conclude that [he] was guilty, individually
or as a party. . . ."

 The jury found appellant guilty as charged in the indictment. The
indictment states, in relevant part, as follows:

DAMEON JONES, did then and there while in the course of
committing theft with intent to obtain and maintain control
of property of ROSCOE HILLIARD, to wit: money and a radio,
without the effective consent of the said ROSCOE HILLIARD
and with intent to deprive the said ROSCOE HILLIARD of said
property, did then and there by using and exhibiting a deadly
weapon, to wit: a stick, that in the manner of its use and
intended use is capable of causing death or serious bodily
injury, and did then and there intentionally and knowingly
and recklessly cause bodily injury to ROSCOE HILLIARD by
hitting the said ROSCOE HILLIARD with said deadly weapon,
and intentionally and knowingly threaten ROSCOE HILLIARD
with, and intentionally and knowingly place ROSCOE
HILLIARD in fear of, imminent bodily injury and death;


 There was no allegation, in the indictment, that appellant was a
party to the commission of the aggravated robbery. 

 The trial court charged the jury on the law of parties, and in the
paragraphs applying the law to the facts, on the offense of aggravated
robbery with the appellant acting as a party to that crime. The charge
states:

 Now if you find from the evidence beyond a reasonable
doubt that on or about the 24th day of October, 1997, in
DeWitt County, Texas, Ronald Coleman, while in the course
of committing theft of property, and with intent to obtain or
maintain control of property of ROSCOE HILLIARD, to wit:
money and a radio, without the effective consent of the said
ROSCOE HILLIARD, and with intent to deprive the said
ROSCOE HILLIARD of said property, did then and there by
using and exhibiting a deadly weapon, to wit: a stick, that in
the manner of its use and intended use is capable of causing
death or serious bodily injury, and did then and there
intentionally and knowingly and recklessly cause bodily
injury to ROSCOE HILLIARD by hitting the said ROSCOE
HILLIARD with said deadly weapon, and intentionally and
knowingly threaten ROSCOE HILLIARD with, and
intentionally and knowingly place ROSCOE HILLIARD in fear
of, imminent bodily injury and death, and that DAMEON
JONES, then and there, acting with intent to promote or
assist the commission of the offense, if any, aided Ronald
Coleman to commit the offense, if any, by his own actions
and conduct during the commission of said offense, if any,
then you will find the defendant, DAMEON JONES, guilty of
aggravated robbery, as alleged in the indictment.

 

 Unless you so find beyond a reasonable doubt, or if you
have a reasonable doubt thereof, you will acquit the
defendant of aggravated robbery and find him not guilty.


The verdict of the jury stated: "We the Jury find the Defendant,
DAMEON JONES, GUILTY of aggravated robbery as charged in the
indictment." 

 After the jury assessed appellant's punishment at twenty years
imprisonment, the trial court added: "the jury further has found that a
deadly weapon, to wit: a stick, was used or exhibited during the
commission of the offense."

 The court's charge allowed the jury to convict the appellant only
if they believed that he acted as a party to the offense of aggravated
robbery. The verdict of the jury stated that the appellant was guilty "as
charged in the indictment." When a defendant is a party to the use or
exhibition of a deadly weapon there must be a specific finding by the
trier of facts that the defendant himself used or exhibited the deadly
weapon. Travelstead v. State, 693 S.W.2d 400, 402 (Tex. Crim. App.
1985).

 We conclude the jury's reference to the indictment reflects their
finding that appellant himself used or exhibited the stick. See Boyett v.
State, 692 S.W.2d 512, 517 (Tex. Crim. App. 1985) ("where the jury is
the trier of fact, the indictment specifically alleges 'deadly weapon' or
names a weapon that is a deadly weapon per se, and the jury's verdict
finds the defendant guilty 'as charged in the indictment,' the jury has
made an affirmative finding as to the use of a deadly weapon"). 
Appellant's second point of error is overruled.

E. Improper Jury Argument


 By his third point of error, appellant complains the prosecutor used
improper jury argument during the punishment phase of the trial. 
Appellant contends the State asked the jury to assess punishment for
collateral crimes.

 Proper jury argument must fall within one of four categories: (1)
summary of the evidence; (2) reasonable deduction from the evidence;
(3) in response to argument of opposing counsel; and (4) plea for law
enforcement. Borjan v. State, 787 S.W.2d 53, 55 (Tex. Crim. App.
1990); Madden v. State, 721 S.W.2d 859, 862 (Tex. Crim. App. 1986);
Alejandro v. State, 493 S.W.2d 230 (Tex. Crim. App. 1973). 

 The argument that appellant complains of occurred at the
punishment phase of the trial. The prosecutor stated:

And I would suggest to you, ladies and gentlemen of the
jury, that it is the role of the jury and the responsibility of a
jury to set the price on crime in DeWitt County, the cost of
doing business in collecting crack cocaine debts in broad
daylight with your gang and beating up people who owe you
money and flaunting the law and intimidating witnesses and
threatening them and being so brazen and bold that you can
commit a crime in the middle of the day, in broad daylight,
and expect that because of your reputation and because
people are afraid of you that you're not going to be
prosecuted. That is the price now that we have to set in
your verdict. You've go to tell us, and, more importantly,
you've got to tell them what the price tag is for flaunting
brazenly the laws of this state in Cuero, DeWitt County,
Texas.


 Appellant argues he was not on trial for selling crack cocaine,
retaliation, hindering prosecution, or engaging in organized crime. 
Appellant asserts the prosecution improperly asked the jury to punish
him for these crimes. We will not consider appellant's complaint
because he failed to preserve error by not objecting to the prosecutor's
arguments at trial. See Tex. R. App. P. 33.1.

 On oral argument, appellant's counsel contends that trial counsel
was ineffective for not objecting to the improper argument. We
disagree.

 "A prosecuting attorney is permitted in his argument to draw from
the facts in evidence all inferences which are reasonable, fair and
legitimate, but he may not use the jury argument to get before the jury,
either directly or indirectly, evidence which is outside the record." 
Borjan, 787 S.W.2d at 57; Jordan v. State, 646 S.W.2d 946, 948 (Tex.
Crim. App. 1983); see also, Contreras v. State, 838 S.W.2d 594, 606
(Tex. App.--Corpus Christi 1992, pet. ref'd) (quoting Barnard v. State,
730 S.W.2d 703, 718 (Tex. Crim. App. 1987), that "It is well settled that
the prosecutor may argue his opinions concerning issues in a case so
long as the opinions are based on the evidence in the record."). In order
to assess the validity of appellant's claims, therefore, we must first look
to the record to determine if any evidence was presented which would
support the prosecution's statement. 

 Evidence supporting the statements made by the prosecutor are
found in the record: (1) Robert Wimbish testified that the debt appellant
was collecting was money owed for crack cocaine; (2) the assault on
Hilliard occurred around 5:30 p.m. and it was still daylight; (3) Hilliard
was beaten up by appellant, Ronald Coleman, Maurice Williams, Jamall
Thomas, and Adrian Thomas; and (4) Hilliard testified he was
threatened on two different occasions to coerce him not to testify, and
Wimbish testified that he was told by some men to mind his own
business and that "he didn't know [appellant]." The argument by the
prosecutor is simply a summation of the evidence presented at trial. 
While appellant asserts the prosecutor was asking the jury to punish
appellant for collateral crimes, we conclude that the prosecutor's
argument set forth only the facts of the case. Thus, we hold the
prosecutor's comments are reasonable inferences from the evidence
presented at trial. Appellant's third point of error is overruled.

 The judgment of the trial court is affirmed.


 FEDERICO G. HINOJOSA

 Justice



Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this

the 10th day of August, 2000.


1. Art. 29.06. First motion by defendant


 In the first motion by the defendant for a continuance, it shall be
necessary, if the same be on account of the absence of a witness, to
state:

 1. The name of the witness and his residence, if known, or
that his residence is not known. 

 2. The diligence which has been used to procure his
attendance; and it shall not be considered sufficient
diligence to have caused to be issued, or to have applied
for, a subpoena, in cases where the law authorized an
attachment to issue. 

 3. The facts which are expected to be proved by the witness,
and it must appear to the court that they are material.

 4. That the witness is not absent by the procurement or
consent of the defendant. 

 5. That the motion is not made for delay. 

 6. That there is no reasonable expectation that attendance of
the witness can be secured during the present term of
court by a postponement of the trial to some future day of
said term. The truth of the first, or any subsequent motion,
as well as the merit of the ground set forth therein and its
sufficiency shall be addressed to the sound discretion of
the court called to pass upon the same, and shall not be
granted as a matter of right. If a motion for continuance be
overruled, and the defendant convicted, if it appear upon
the trial that the evidence of the witness or witnesses
named in the motion was of a material character, and that
the facts set forth in said motion were probably true, a new
trial should be granted, and the cause continued or
postponed to a future day of the same term.

 

Tex. Code Crim. Proc. Ann. art. 29.06 (Vernon 1989).
2. Appellant's brief on appeal only argues that the trial court erred in its denial
of the motion for continuance to investigate the identity of the man from Gonzales. 
Therefore, we will not review the other arguments presented by appellant at the
hearing on the motion for continuance.