NO. 07-01-0165-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 16, 2002

_____


ABRAHAM MICHAEL LINSCOMB, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 182ND DISTRICT COURT OF HARRIS COUNTY;

NO. 798577; HONORABLE JEANNINE BARR, JUDGE

_____

Before BOYD, C.J., and QUINN and REAVIS, JJ.

Pursuant to a plea of guilty for aggravated sexual assault of a child, appellant Abraham Michael Linscomb was granted deferred adjudication for ten years, placed on community supervision, and assessed a $300 fine. Upon the State's motion to proceed with an adjudication of guilt, appellant entered a plea of not true and a hearing was conducted. After finding that appellant had violated numerous conditions of his community

supervision, the trial court adjudicated him guilty and sentenced him to 35 years confinement. Although appellant filed a *pro se* notice of appeal, after counsel was appointed, a second notice of appeal was timely filed reciting all the specifications of Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure. Presenting five points of error, he asserts (1) he should have been granted a new trial because the trial court considered inadmissible polygraph evidence resulting in a violation of his due process rights under the Texas Constitution; (2) the trial court abused its discretion in denying his motion and request for an evidentiary hearing with live testimony instead of a "paper hearing by affidavit" regarding his motion for new trial based on ineffective assistance of counsel; (3) he was denied effective assistance of counsel at the adjudication and punishment phases; (4) the trial court abused its discretion in rejecting his reinstatement of his deferred probation and instead sentencing him to 35 years confinement resulting in a violation of his due process rights under the Texas Constitution, and (5) the trial court's imposition of a 35-year sentence for his first offense violated his right to be free from cruel and unusual punishment under the United States Constitution. Based upon the rationale expressed herein, we affirm.

Initially, the State asserts that under article 42.12, section (5)(b) of the Texas Code of Criminal Procedure Annotated (Vernon Supp. 2002), we do not have jurisdiction to review any of appellant's contentions addressed to the trial court's determination to adjudicate guilt and that only issues relating to appellant's punishment may be considered.

We agree to a certain extent. Article 42.12, section (5)(b) does not bar appellate review of *all proceedings* after an adjudication of guilt. Thus, in addition to issues relating to appellant's punishment, we also have jurisdiction to review any issues raised by motion for new trial, a post-conviction proceeding, that are unrelated to his conviction. *See* Daniels v. State, 63 S.W.3d 67, 69 (Tex.App.–Houston [14th Dist.] 2001, pet. ref'd ) (holding that appellate review of a claim that the trial court failed to hold a hearing on a motion for new trial is not barred by article 42.12, section (5)(b) because it does not arise from the determination to adjudicate guilt).

### Notice of Appeal

Rule 25.2(b)(3) provides that in order for a notice of appeal to properly invoke this Court's jurisdiction following a judgment entered on a negotiated guilty plea, the notice must (A) specify that the appeal is for a jurisdictional defect; (B) specify that the substance of the appeal was raised by written motion and ruled on before trial; or (C) state that the trial court granted permission to appeal. After counsel was appointed, he filed the following notice of appeal which provides in part:

> The Defendant further alleges that if this appeal is from a judgment rendered on a plea of guilty or nolo contendere that the trial court granted permission to appeal, or that if the trial court did not exceed the prosecutor's recommended punishment, that this appeal is for a jurisdictional defect, or that the substance of the appeal was raised by written motion and ruled on before trial.

3

Rule 25.2(b)(3) does not mean that our jurisdiction is properly invoked by the filing of a specific notice of appeal complying only in form with the extra-notice requirements of the rule. Sherman v. State, 12 S.W.3d 489, 492 (Tex.App.–Dallas 1999, no pet.). An appellant must in good faith comply in both form and substance with the extra-notice requirements of the rule. *Id*. Not only must the notice of appeal recite the applicable extra-notice requirements, the record must also substantiate the recitations. Betz v. State, 36 S.W.3d 227, 228-29 (Tex.App.–Houston [14th Dist.] 2001, no pet.). Noncompliance, either in form or in substance, will result in failure to properly invoke this Court's jurisdiction over an appeal to which the rule applies. Flores v. State, 43 S.W.3d 628, 629 (Tex.App.–Houston [1st Dist.] 2001, no pet.).

Nevertheless, in Vidaurri v. State, 49 S.W.3d 880, 885 (Tex.Cr.App. 2001), the Court held that the extra-notice requirements of Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure do not apply to claims that are unrelated to the trial court's determination to adjudicate guilt. Thus, a general notice of appeal properly invokes our jurisdiction to consider any claims raised by appellant unrelated to his conviction.

By his first point of error, appellant asserts that he should have been granted a new trial because the trial court considered polygraph evidence at the adjudication hearing in violation of his due process rights under the Texas Constitution. This contention is a challenge to the trial court's determination to adjudicate guilt which cannot be considered on appeal. Connolly v. State, 983 S.W.2d 738, 741 (Tex.Cr.App. 1999); Cooper v. State,

4

2 S.W.3d 500, 502 (Tex.App.–Texarkana 1999, pet. ref'd) (holding that a complaint that the trial court admitted evidence in violation of the defendant's constitutional rights was an attempt to appeal from the decision to adjudicate guilt).  We have no jurisdiction to consider appellant's first point of error.

By his second point of error, appellant contends the trial court abused its discretion in denying his motion and request for an evidentiary hearing with live witness testimony instead of a "paper hearing by affidavit" regarding his motion for new trial raising grounds of ineffective assistance of his trial counsel.  We disagree.  A motion for new trial is a post-adjudication proceeding; therefore, article 42.12, section 5(b) does not foreclose appellate review of appellant's claim as it relates to issues other than the trial court's determination to adjudicate guilt.  *Daniels*, 63 S.W.3d at 69; *see also* Amaro v. State, 970 S.W.2d 172, 173 (Tex.App.–Fort Worth 1998, no pet.) (holding that a motion for new trial contention that the trial court erred in failing to hold a hearing does not arise from the determination to adjudicate guilt).

Rule 21.7 of the Texas Rules of Appellate Procedure authorizes a trial court to receive evidence at a hearing on a motion for new trial by affidavit or otherwise.  A trial court's decision on a motion for new trial may be based on sworn pleadings and affidavits admitted into evidence without hearing oral testimony.  McIntire v. State, 698 S.W.2d 652, 658 (Tex.Cr.App. 1985); Scaggs v. State, 18 S.W.3d 277, 281 (Tex.App.–Austin 2000, pet. ref'd).  The trial court held a hearing on appellant's motion and received three affidavits

into evidence. However, two of the three affidavits in support of appellant's motion were acknowledged by appellant's attorney. Affidavits sworn to before a movant's attorney are insufficient to support a motion for new trial. Garza v. State, 630 S.W.2d 272, 273-74 (Tex.Cr.App. 1982); Stubbs v. State, 457 S.W.2d 563, 564 (Tex.Cr.App. 1970). The third affidavit was not notarized by counsel; however, appellant received a hearing on his motion for new trial albeit by affidavit and not live testimony in compliance with Rule 21.7. Thus, the trial court did not abuse its discretion in denying appellant's request for a hearing with live witnesses. Point of error two is overruled.

By his third point of error, appellant complains that trial counsel was ineffective in failing to properly and independently investigate exculpatory testimony of potential defense witnesses. By his argument, appellant alleges counsel was ineffective at both the adjudication phase and the punishment phase. We do not have jurisdiction to consider appellant's assertion that trial counsel was ineffective during the adjudication hearing. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b). However, we may consider appellant's contention that trial counsel was ineffective during the punishment hearing. *Vidaurri*, 49 S.W.3d at 885. Appellant contends that the testimony of three specific witnesses which trial counsel failed to present during the punishment phase would have resulted in a lower sentence than the 35-year sentence actually imposed. We disagree.

Under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a defendant claiming ineffective assistance of counsel must establish that (1)

6

counsel's performance was deficient (*i.e.*, fell below an objective standard of reasonableness, and (2) there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986). A strong presumption exists that defense counsel's conduct falls within a wide range of reasonable representation. *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2064, 80 L.Ed.2d at 695; Dewberry v. State, 4 S.W.3d 735, 757 (Tex.Cr.App. 1999), *cert. denied*, 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000).

Appellant's conviction for aggravated sexual assault of a child, a first degree felony, carries a penalty of five to 99 years confinement. Tex. Pen. Code Ann. § 12.32(a) (Vernon 1994) and § 22.021(e) (Vernon Supp. 2002). A trial court is vested with a great degree of discretion in imposing an appropriate sentence. Jackson v. State, 680 S.W.2d 809, 814 (Tex.Cr.App. 1984) (en banc). A penalty imposed within the range of punishment established by the Legislature should not be disturbed on appeal. Nunez v. State, 565 S.W.2d 536, 538 (Tex.Cr.App. 1978).

Appellant's 35-year sentence is substantially below the maximum term of 99 years. His contention that the testimony of three witnesses would have resulted in a lower sentence is not substantiated by the record. A challenge of ineffective assistance must be firmly founded in the record. Mercado v. State, 615 S.W.2d 225, 228 (Tex.Cr.App. 1981). He does not indicate what the testimony of the witnesses would have shown, but merely alleges that "but for the error of counsel in failing to subpoena and present

7

testimony" of three named witnesses, he would not have received a 35-year sentence. Appellant has not affirmatively demonstrated prejudice. Garcia v. State, 887 S.W.2d 862, 880 (Tex.Cr.App. 1994), *cert. denied*, 514 U.S. 1021, 115 S.Ct. 1368, 131 L.Ed.2d 223 (1995). Although the record on direct appeal is undeveloped, appellant may have recourse for his complaint by submitting an application for a post-conviction writ of habeas corpus. Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2002); *see also* Oldham v. State, 977 S.W.2d 354, 363 (Tex.Cr.App. 1998), *cert. denied*, 525 U.S. 1181, 119 S.Ct. 1121, 143 L.Ed.2d 116 (1999). Point of error three is overruled.

By his fourth point of error, appellant alleges that his due process rights under the Texas Constitution were violated when the trial court abused its discretion in rejecting reinstatement of his deferred probation and sentencing him to an excessive term of 35 years confinement for aggravated sexual assault of a child. By his fifth point of error, he asserts that his sentence for his first offense constitutes a violation of his right under the Eighth Amendment to the United States Constitution to be free from cruel and unusual punishment. We have jurisdiction to consider these points because appellant challenges only punishment and not the trial court's decision to adjudicate guilt. *Vidaurri*, 49 S.W.3d at 885.

At the time his sentence was pronounced, appellant did not present any objections or motions alleging that his 35-year sentence was grossly disproportionate to the crime and thus constituted cruel and unusual punishment. Thus, he has not preserved his

8

complaint for appellate review. Tex. R. App. P. 33.1(a); *see* Smith v. State, 721 S.W.2d 844, 855 (Tex.Cr.App. 1986) (noting that every right, constitutional or statutory, may be waived by failure to object) ; *see also* Smith v. State, 10 S.W.3d 48, 49 (Tex.App.–Texarkana 1999, no pet.) (holding that a complaint of a statute's unconstitutionality for authorizing punishment that is grossly disproportionate to the crime was not preserved for review); Solis v. State, 945 S.W.2d 300, 301 (Tex.App.–Houston [1st Dist.] 1997, pet. ref'd) (holding that error was not preserved on a complaint that a sentence was grossly disproportionate to the offense). However, in the interests of justice we will consider appellant's contentions. By his arguments under his fourth and fifth points, he contends that his sentence is "grossly disproportionate to the seriousness of the offense actually committed." We disagree.

Citing *Nunez*, 565 S.W.2d at 538, appellant acknowledges that a sentence within the statutory limits will not be disturbed on appeal. However, he challenges the Texas statutory sentencing scheme for not imposing limits on the sentencing discretion of a trial judge. Judicial discretion is defined as discretion bounded by the rules and principles of law, and not arbitrary, capricious, or unrestrained; the exercise of judicial judgment based on facts and guided by law; discretion exercised in discerning the course prescribed by law without giving effect to the will of the judge. Black's Law Dictionary 467 (6th ed. 1990). By imposing a 35-year sentence within the limits prescribed by section 12.32(a) of the Penal Code, the trial court did not abuse its discretion.

Without referencing section 12.32 of the Penal Code, appellant further asserts that the sentencing "statute itself is unconstitutional and any sentence imposed thereunder must be set aside." In his brief, appellant reviews numerous federal cases; however, he does not show that in its operation, section 12.32 of the Penal Code is unconstitutional as applied to him. It is incumbent upon a defendant to show that a statute is unconstitutional as to him in his situation. McFarland v. State, 928 S.W.2d 482, 521-22 (Tex.Cr.App. 1996), *cert. denied*, 519 U.S. 1119, 117 S.Ct. 966, 136 L.Ed.2d 851 (1997). An appellant must adequately brief a constitutional issue by proffering specific arguments and authorities supporting his contentions. Hicks v. State, 15 S.W.3d 626, 631 (Tex.App.–Houston [14th Dist.] 2000, pet. ref'd), citing Lawton v. State, 913 S.W.2d 542, 558 (Tex.Cr.App. 1995), *cert. denied*, 519 U.S. 826, 117 S.Ct. 88, 136 L.Ed. 2d 44 (1996). Otherwise, his contentions are inadequately briefed. Tex. R. App. P. 38.1(h).

An argument that punishment imposed is grossly disproportionate to the offense survives under the Eighth Amendment apart from any consideration of whether the punishment assessed is within the range established by statute. In our analysis we are guided by the criteria set forth in Solem v. Helm, 463 U.S. 277, 290-92, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). Those criteria are (1) the gravity of the offense and the harshness of the punishment; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for the same offense in other jurisdictions. *Id*. We first compare the gravity of the offense against the severity of the sentence in light of the harm

10

caused or threatened to the victim or society and the culpability of the offender. Only if we determine that the sentence is grossly disproportionate to the offense do we consider the remaining two *Solem* factors. *Id.*

Appellant pleaded guilty to intentionally and knowingly causing the sexual organ of a child under the age of 14 to contact his sexual organ. A psychiatric examination established that appellant was sane and that he knew the conduct charged was wrong. According to the psychiatric evaluation, appellant had a problem with setting fires and was hospitalized in a psychiatric facility during his early teens for attempting to burn down the apartment he and his mother lived in. Although he admitted a history of drug use, he claimed that at the time of the charged offense, he was sober adding that "bad things happen to him when he is sober," and explained that he sexually assaulted a neighbor's child and described it like a dream he went along with. Appellant was charged with aggravated sexual assault of a child, a first degree felony punishable from five to 99 years confinement and a $10,000 fine. Tex. Pen. Code Ann. §§ 12.32 and 22.021(e). Considering appellant's history and the gravity of the crime, we conclude that his 35-year sentence is not grossly disproportionate to the offense. *Cf.* Alvarez v. State, 63 S.W.3d 578, 580 (Tex.App.–Fort Worth 2001, no pet.) (holding that a 55-year sentence for aggravated sexual assault of a child was not grossly disproportionate). Points of error four and five are overruled.

Accordingly, the judgment of the trial court is affirmed.

11

Don H. Reavis
Justice

Do not publish.